DAUKSCH, Judge.
This case comes to us from a denial of the appellant’s motion to vacate filed under Florida Rule of Criminal Procedure 3.850. We reverse because we find the appellant was denied effective assistance of counsel.
The public defender was appointed to represent the accused shortly after his arrest on December 24, 1974. On the 4th or 5th of January, 1975 an investigator from the public defender’s office visited the defendant in jail and in the discussion during that visit the defendant told the investigator of some witnesses who would provide an alibi for the defendant. They would testify he was with them drinking beer instead of some place else committing the charged crime, a Breaking and Entering.
The next time the defendant saw anyone from his attorney’s office was on the Friday before the trial was to start on the next Tuesday. The trial did start and was concluded on Thursday, February 13,1975. At the meeting between the defendant and his attorney at 8:30 P.M. or 9:00 P.M. that Friday the defendant told the attorney of his witnesses and the attorney stated: “I explained to him, you know, about how I just got the file and I’m sure we talked about the case. I must have gone through the discovery. Anyway, Mr. Martin was upset. He felt he was unjustly being incarcerated for something he didn’t do. So I didn’t ask for a continuance.”
The attorney went on to testify his file reflected nothing in regard to anyone ever attempting to contact the witnesses and “I don’t believe there was anything in the file to indicate we had even talked to Mr. Martin.” The attorney also confirmed he did nothing prior to trial to attempt to locate the witnesses and he recalled that during the voir dire examination of the jury the defendant asked him “Hey, how about my witnesses.” “It’s too late now, we (sic) have decided to go without them” was the attorney’s response.
It is significant that the trial judge, Hon. Lamar Rose, reduced the bond of the defendant to an amount one-tenth of the trial bond after the conviction and before sentencing. The attorney testified, “The judge agonized over whether he should grant my motion for acquittal at the end of the trial. Then at the end of the trial, he was surprised at the verdict.”
The testimony of the attorney at the hearing was probably summed up best by his saying, “As for as me preparing, I wasn’t ready.” No depositions were taken, no alibis checked out, no witnesses interviewed or subpoenaed, no effective preparation was made.
In order for a person accused of a crime to receive effective assistance of counsel there must be adequate preparation for trial, not just representation at trial. Caraway v. Beto, 421 F.2d 636 (5th Cir. 1970); Hollingshead v. Wainwright, 423 *405 F.2d 1059 (5th Cir. 1970); Kimbrough v. State, 352 So.2d 925 (Fla. 1st DCA 1977); Moore v. United States, 432 F.2d 730 (3d Cir. 1970).
This is not a case of a tactical decision not to call a witness. It is a case of inability to call a witness due to inadequate assistance of counsel in derogation of the defendant’s right under the U.S.Const. amend. VI which guarantees “Assistance of Counsel for his defence” and Fla.Const., art. 1, § 16.
The order denying the petition to vacate the judgment and sentence is reversed and the matter is remanded for new trial.
REVERSED and REMANDED.
DOWNEY, C. J., and MOORE, J., concur.