PER CURIAM.
Houston appeals an otder summarily denying his motion for post-conviction relief, which alleged that his trial counsel was ineffective because he failed to object to the prosecutor’s comments on Houston’s right to remain silent. We view this allegation as a serious one, requiring further inquiry, because the trial court must grant a mistrial if one is sought after comment on a defendant’s right to remain silent and failure to grant a mistrial is automatically reversible. Clark v. State, 363 So.2d 331 (Fla.1978). Accordingly, we reverse and remand for attachment of portions of the record and file conclusively refuting this allegation or an evidentiary hearing. Fla.R.Crim.P. 3.850. The trial court need not address any of Houston’s other allegations.
REVERSED AND REMANDED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.