PER CURIAM.
This matter was previously before us on Houston’s appeal from the circuit court’s summary denial of his motion for post-conviction relief based upon the alleged ineffectiveness of Houston’s trial counsel. Houston v. State, 432 So.2d 56 (Fla. 1st DCA 1983). Upon the State’s motion for rehearing of that decision, which was denied, we ordered that the State supply directly to us the portions of the record that conclusively refute Houston’s allegation, and that jurisdiction should revest in this court upon the filing of that record.
We have now examined the record of argument by counsel for Houston and for the State, before the jury, and find that the State’s comment upon Houston’s failure to testify, the source of Houston’s present argument that his counsel served him ineffectively by failing to object and move for a mistrial on account of the State’s comment, was directly responsive to the prior argument of Houston’s own counsel that explained Houston’s failure to testify as a consequence of the State’s failure (so counsel argued) to present evidence requiring an answer through Houston’s testimony. The State’s responsive comment in argument carried no further implication but that “there is an overabundance of testimony— the State has carried its burden beyond a reasonable doubt to show that he did, in fact, commit the act,” and that Houston’s failure to testify in his defense “still leaves us with the fact that there is absolutely no testimony in favor of Mr. Houston that would show he didn’t commit this act.” The prosecutor did not disparage Houston’s decision not to testify; he pointed to the anticipated charge by the court that would and did explain and legitimate Houston’s decision not to testify; and the prosecutor added: “That’s their right and I respect that right and I don’t want to ever see that changed .... ”
The State’s argument, considered in the totality of the circumstances, was not objectionable. See Simpson v. State, 352 So.2d 125 (Fla. 1st DCA 1977). Houston’s counsel’s failure to object and move for a mistrial could not, therefore, have constituted ineffective assistance.
The trial court’s order denying Houston’s motion is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.