PER CURIAM.
While the issue of ineffective assistance of trial counsel is properly raised in a motion pursuant to Fla.R.Crim.P. 3.850, the allegations of ineffective assistance of counsel contained in appellant’s motion were legally insufficient, thus the trial court did not err in failing to attach a copy of the portion of the files and records to show appellant is not entitled to relief or to hold a hearing.[1] See Knight v. State, 394 So.2d 997 (Fla.1981). In addition, the allegations with regard to failure to call witnesses and object to the admissibility of certain evidence were matters within the judgment and strategy of trial counsel, and not proper grounds for relief. See Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981).
AFFIRMED.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.

. While this appeal was being considered by this court, the trial court held a hearing on the issue of ineffective assistance of counsel and entered an amended final order denying relief finding the allegation was completely baseless and without merit. The trial judge apparently did not realize his earlier order had been appealed, however, the trial court was without jurisdiction to proceed with the case and enter the amended final order. Fla.R.App.P. 9.600. Our awareness of the further proceedings does not alter our conclusion that the allegations of ineffective assistance of counsel were legally insufficient.