# STATE OF FLORIDA v. STACEY

Case No. 78-256 CF

Fourteenth Judicial Circuit, Bay County

June 1, 1984

**APPEARANCES OF COUNSEL**

State Attorney's Office for plaintiff.

Defendant pro se.

## OPINION OF THE COURT

### ORDER DENYING DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF

WILLIAM A. COOPER, JR., Acting Circuit Judge.

Defendant has again filed his motion seeking post-conviction relief, pursuant to Fla. R. Crim. P. 3.850, and the court noting that defen-

dant has corrected technical deficiencies existing in his previous motion, the merits will now be considered.

Defendant cites as his first ground for relief an alleged error in the retention of jurisdiction during the first third of the ninety-nine year sentence. Defendant is correct that since the crime for which he was convicted occurred several days prior to the effective date of the law authorizing such retention, its application to defendant's sentence is ex post facto. However, the record reflects that at no time was this objected to during the sentencing proceeding. An ex post facto application of the retention statute is not fundamental error, and failure to object at the trial level is a failure to preserve the issue for appellate review. *Williams v. State,* 414 So.2d 509 (Fla. 1982); *Fredericks v. State,* 440 So.2d 433 (Fla. 1st DCA 1983). Furthermore defendant has appealed his conviction and sentence, which appeal was affirmed per curiam. *Stacey v. State,* 421 So.2d 824 (Fla. 1st DCA 1982). Therefore if the ground was cognizable on appeal, the defendant has exhausted that remedy and may not raise by a 3.850 motion that which should have been raised on appeal. *Adams v. State,* 480 So.2d 423 (Fla. 1980). Accordingly, defendant's motion is denied on that ground.

Defendant also alleges as ground for relief ineffective assistance of counsel. The transcript of the sentencing proceeding, a copy of which is attached to this order, pursuant to *Houston v. State,* 432 So.2d 56 (Fla. 1st DCA 1983), reflects that defendant complained of this problem during allocution. The court inquired briefly, then proceeded with the imposition of sentence. At page 240 of the record, defendant indicated that his primary concern was that his attorney, Mr. Rose, had been appointed on the same day the jury was picked and therefore had not had adequate opportunity to prepare his case. Upon inquiry by the court, Mr. Rose clarified that he had not stated to his client that he was appointed the day before, but had merely commented that he did not know that he was going to trial until the day that a jury was picked (for trial the next day), (page 241 of record). Upon defendant's commenting that he had not ever discussed the case before, Mr. Rose (incorrectly designed by the court reporter as "Mr. Wilson") replied "Yes we had." In essence, the defendant has complained that there were witnesses that he wanted called that his attorney did not subpoena to testify because he was only available the day before trial. Page 10 of the court record clearly reflects activity by Mr. Rose on June 23, 1981, and a subsequent hearing on his motion to reduce bond held on July 6, 1981, at which the defendant and his attorney (Mr. Rose) were present (page 12 of record) contrary to the assertion made by the defendant. Consequently, the record reflects that which was readily

8

■■■■■■

apparent to this court during the sentencing proceeding; the defendant was suffering from a prodigious credibility gap. His claim that he did not even meet with his attorney until the day prior to trial is clearly false. The court further notes that the case was initially set for trial some two years earlier (page 2 of record). Defendant thereupon failed to appear for trial on September 25, 1978, and a capias was issued for his arrest (page 7 of record). It is therefore obvious that any difficulties counsel may have encountered in preparation for trial in August, 1981, were due in large part to defendant's own conduct. The court finds that defendant had ample opportunity to consult with his attorney and advise him of witnesses whose testimony might assist him. To the extent that defendant did this and his attorney did not choose to call those "witnesses", such a complaint is not proper ground for relief under this rule, since the decision as to which witnesses to call is a matter which lies within the judgment and strategy of trial counsel. *Gulley v. State*, 436 So.2d 1042 (Fla. 1st DCA 1983). Finally, defendant's claim of other witnesses falls short of the specificity required under a Rule 3.850 motion. He doesn't state who they are, where they are (or were) located, what they would have testified to (specifically) or how their testimony might have changed the outcome of the trial.

The court further finds that the alleged shortcomings of defendant's trial counsel, even when taken as true, fail to rise to the level of a deficiency sufficient to have probably affected the outcome of the proceedings, as required by *Knight v. State*, 394 So.2d 997 (Fla. 1981). Proof of defendant's guilt was simply overwhelming. He was identified by the victim as the perpetrator both at a lineup (pages 88-90 of record) and at trial (page 85 of record). Defendant was arrested by law enforcement authorities after they accompanied the wrecker defendant had sent (via his girlfriend) to recover his wrecked getaway vehicle back to the Amoco Station where defendant was obligingly waiting (pages 108-109 of record). Currency later identified by the victim (because it contained a unique paint stain) as being part of the money taken during the robbery (page 95 of record) was found on the defendant's person at the time of arrest (pages 112-113 of record). The evidence was so strong against the defendant that, in the opinion of this court, the fact that the jury took more than sixty seconds to deliberate the guilt or not of the defendant can only be attributed to the skill of defendant's counsel in attacking what few weaknesses appeared in the state's case. the fact that the defendant's attorney chose not to put on any evidence and thereby gain the advantage of opening and closing argument is more reflective of the paucity of evidence available to assist in the defense than it is reflective of any degree of incompetency of counsel. This is a common trial tactic.

**9**

The defendant alleges as a final ground for relief that his attorney failed to present evidence to mitigate the sentence. (His allegation that the sentencing had to be rescheduled once due to failure of his attorney to appear is correct, although that failure was not attributable to Mr. Rose but rather to the court's former judicial assistant, who neglected to send him notice of the scheduled sentencing.) This allegation also suffers from ambiguities as to specifics. He does not indicate how these absent witnesses might have helped him, nor who they are, nor where they might be found. In light of the defendant's criminal history, a copy of which is attached, it is difficult to imagine a witness who might have convinced the court to impose any lesser sentence. The one specific item that defendant mentions as an example of his attorney's incompetence simply makes no sense. He alleges that Mr. Rose should have pointed out that the defendant was currently an excapee from Alabama State Prison under a thirty year sentence. To this court it would seem that counsel's most prudent course of action with respect to that particular item would be to pray that the court would overlook it, rather than to bring it to the court's attention.

The court having therefore determined that all grounds raised by the defendant are either without merit or are conclusively refuted by those portions of the court record which are attached to and made a part of this order, it is therefore

ORDERED AND ADJUDGED that defendant's motion be, and the same is hereby, denied, without evidentiary hearing. *Broxson v. State*, 373 So.2d 75 (Fla. 1st DCA 1979).

Editor's Note: See 461 So.2d 1000 (Fla. 1st DCA 1984). The First District Court of Appeal reversed in part. The evidentiary hearing mandated by the 1st DCA was not held since the trial judge agreed with defendant that the application of that particular law was ex post facto in defendant's case.