THOMPSON, Judge.
Warren appeals an order denying the relief sought in his Fla.R.Crim.P. 8.850 motion. We reverse and remand.
In his motion, Warren alleges that he was tried and found guilty of throwing a deadly missile and driving while under the influence of alcohol in Case No. 84-4418, and that he pled guilty to simple battery in Case No. 84-4419. Warren was sentenced to three years on his conviction of throwing a deadly missile and to a concurrent term of 10 days on his conviction of driving while under the influence of alcohol. According to his motion he was sentenced to one year on the simple battery charge.
The caption of Warren’s motion indicates that it is addressed only to his convictions and sentences in Case No. 84-4418 for throwing a deadly missile and driving while under the influence of alcohol. However, in the body of the motion Warren also improperly addresses his conviction and sentence pursuant to his plea of guilty to simple battery in Case No. 84-4419. Among the many allegations set out in the motion is a specific allegation that the facts which Warren believes warrant relief are newly discovered facts which came to his attention only after the time for taking a direct appeal had run. Attached to his motion is an affidavit describing certain alleged acts and omissions of his trial counsel, and a letter written by trial counsel detailing certain post-trial investigative efforts she had undertaken with the hope of obtaining a new trial for appellant. The court below denied the motion on grounds that a Rule 3.850 motion is not an appropriate procedure to use when seeking to invalidate a conviction because of post-trial conduct on the part of court appointed counsel.
Warren did not have the benefit of counsel when he prepared his Rule 3.850 motion, and he failed to utilize the model form for such motions which is set out at *1372 Fla.R.Crim.P. 3.987. The motion is poorly drafted and confusing. Not only does it improperly address convictions in two separate cases, it is internally inconsistent in that it includes numerous allegations of deficient performance on the part of trial counsel before, during and after trial while at the same time asserting, as noted above, that the facts on which the motion is based were discovered long after trial. Because of the deficiencies of the motion it is difficult to ascertain precisely what issues Warren is attempting to raise in which case(s), let alone whether the issues have merit. However, it is clear that one of the general grounds for relief asserted is that Warren did not receive effective assistance of counsel. Among the specific acts/omissions of counsel which he asserts to prove counsel’s ineffectiveness are counsel’s failure to investigate his claim that someone else was the perpetrator of the deadly missile offense, and her failure to contact witnesses who could so testify notwithstanding the fact that he furnished the names of the witnesses to counsel prior to trial. An attorney’s failure to at least interview an identified available witness whose testimony might exonerate her client can constitute ineffective assistance of counsel. Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986).
The court below was correct in ruling that a 3.850 motion is not the appropriate method by which to seek invalidation of a conviction because of post-trial conduct on the part of court appointed counsel. However, Warren’s motion does include at least one allegation of conduct by counsel prior to trial which is sufficient to state a facially valid claim for relief. Therefore, the trial judge’s summary denial of the motion, even though a product of Warren’s own misleading assertions in the motion, was erroneous.
We note that although there is no absolute requirement that prisoners seeking relief via Rule 3.850 utilize the model form set out at Rule 3.987, the use of the model form will generally help the prisoner to clearly and concisely state the grounds on which he bases his claim for relief. Failure to clearly and concisely state grounds for relief may, as in this case, significantly delay resolution of the merits of the prisoner’s claim.
The trial court’s order summarily denying appellant’s motion for post-conviction relief as to Case No. 84-4418 is reversed, and the cause is remanded for further proceedings pursuant to Rule 3.850 on the claim of ineffective assistance of counsel prior to and at trial only.
BOOTH, C.J., and MILLS, J„ concur.