516 So.2d 20 (1987)
Alexander ROBINSON, III, Appellant,
v.
STATE of Florida, Appellee.
No. BT-8.
District Court of Appeal of Florida, First District.
November 13, 1987.
Rehearing Denied December 11, 1987.
Alexander Robinson, III, pro se.
No appearance for appellee.
NIMMONS, Judge.
Robinson appeals from an order denying his Fla.R.Crim.P. 3.850 motion. His motion asserted two grounds: (1) his confession, which was introduced at his trial, was involuntarily given; and (2) his attorney was ineffective by failing to call two alibi witnesses.
The first ground is unavailing because such could have been raised by direct appeal from his conviction.
With respect to the second ground, the trial judge attached to his order an affidavit of Robinson's trial counsel upon which affidavit the court relied in denying the motion. This was error because the affidavit was not part of the files and records in *21 the case. See McCorkle v. State, 419 So.2d 373 (Fla. 1st DCA 1982).
However, the trial court's order of denial is sustainable on another basis  facial insufficiency of the motion. Ground two of Robinson's motion simply alleged that his lawyer failed to present two alibi witnesses after he asked that the lawyer do so. There is no hint in the motion as to any facts such as the identity of such witnesses, what they would testify to if called, or their availability. While the failure to call witnesses may constitute ineffective assistance of counsel, see e.g. Halpin v. State, 428 So.2d 703 (Fla. 2nd DCA 1983), a 3.850 movant must allege more than the bare bones statement that his lawyer failed to call two witnesses.
AFFIRMED.
MILLS and ERVIN, JJ., concur.