521 So.2d 379 (1988)
Colin H. RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. BS-329.
District Court of Appeal of Florida, First District.
March 11, 1988.
Colin H. Russell, pro se.
Robert A. Butterworth, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant, Colin H. Russell, seeks review of the trial court's order denying his motion for post-conviction relief. Finding error in the trial court's ruling, we must reverse.
*380 Appellant was convicted of first degree murder and is presently serving a life sentence, twenty-five years of which is mandatory. He asserts that he was denied effective assistance of trial counsel and in support of his allegation cites numerous instances of perceived neglect. After a careful review of appellant's motion, we find that most of the alleged errors of counsel are conclusory in nature and lack adequate statements of factual support or, in the alternative, fall within the category of trial tactics and strategy. To the extent that the trial court's order addresses these alleged errors, it is affirmed. See Lyons v. State, 422 So.2d 1018 (Fla. 1st DCA 1982); Pitts v. State, 421 So.2d 791 (Fla. 1st DCA 1982); Armstrong v. State, 429 So.2d 287 (Fla. 1983); and Gulley v. State, 436 So.2d 1042 (Fla. 1st DCA 1983).
Notwithstanding our affirmance as to certain of the matters raised, we find that appellant's motion contains other allegations of conduct by counsel which are sufficient to state a facially valid claim for relief. Appellant asserts that defense counsel (1) throughout the trial took pain medication and fell asleep, having to be awakened several times by appellant and on one occasion by the court; (2) failed to bring to the trial court's attention the state's failure to prove premeditation; (3) failed to request that Juror Rossin be excused for cause after he had stated that he was unable to change his opinion subsequent to reading about the case in the newspaper; and (4) stated in the presence of the jury that appellant was guilty. These alleged derelictions, if true, could obviously constitute serious deficiencies in the representation afforded appellant by his trial counsel.
The Office of the Attorney General, at our request, responded to these four specific allegations. In the response, cases are cited for the general proposition that the inmate has the burden of proving error and prejudice therefrom based upon all the facts of the case. E.g., see Knight v. State, 394 So.2d 997 (Fla. 1981). The response also includes citations to portions of the trial transcript which presumably contradict and refute appellant's allegations. However, the record on appeal does not include the trial transcript. Attached to the state's brief also was an affidavit of co-counsel at appellant's trial offered to refute appellant's contention that defense counsel fell asleep during the trial. Since the affidavit seeks to interject evidence which has not been presented to and ruled upon by the trial court, the same cannot be considered by this court. Thames v. State, 454 So.2d 1061 (Fla. 1st DCA 1984); McConnell v. State, 513 So.2d 1077 (Fla. 2nd DCA 1987). Furthermore, since the affidavit is not part of the files and records in this case, it could not have been considered even by the trial court in determining the facial sufficiency of the motion. Robinson, III v. State, 516 So.2d 20 (Fla. 1st DCA 1987); McCorkle v. State, 419 So.2d 373 (Fla. 1st DCA 1982).
Accordingly, we reverse the trial court's order denying the Rule 3.850 motion, and remand this cause to the trial court with directions that it conduct an evidentiary hearing on the issue of defense counsel's alleged narcoleptic conduct during the trial, and as to the other three factual allegations, that it either attach portions of the record conclusively showing that appellant is entitled to no relief, or conduct an evidentiary hearing.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
MILLS and SHIVERS, JJ., concur.