## STATE OF FLORIDA v FREEMAN
### Case No. 86-2524-CFA
Eighteenth Judicial Circuit, Seminole County
June 20, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

Office of the Public Defender, for defendant.

### OPINION OF THE COURT

O. H. EATON, JR., Circuit Judge.

### *ORDER SETTING ASIDE JUDGMENT AND SENTENCE AND ORDERING A NEW TRIAL (RULE 3.850)*

The defendant has filed a Motion for Post Conviction Relief pursuant to Rule 3.850. He seeks to attack the validity of a judgment and

sentence rendered against him on August 20, 1987, pursuant to a jury verdict finding him guilty of attempted second degree murder. He received a guidelines sentence of twelve years in the Department of Corrections followed by five years probation. An appeal was taken and the District Court of Appeal of the State of Florida, Fifth District, affirmed the conviction without opinion. *Freeman v State,* 525 So.2d 898 (Fla. 5th DCA 1988).

The main thrust of the defendant's motion is a claim of ineffective assistance of counsel. He claims that his trial counsel was ineffective in several areas which can be summarized as follows:

1. Counsel failed to adequately prepare for trial by failing to investigate the case, failing to interview witnesses and failing to secure Lawrence Davis as a witness.

2. Counsel filed a Motion for Discharge pursuant to Rule 3.191(i)(4) when he had not subpoenaed Davis as a witness and was otherwise unprepared for trial.

During the hearing on the motion, it was established that the defendant retained the services of private counsel to represent him on the charge of attempted first degree murder. He paid his attorney the not insubstantial sum of $7,500.00 for that representation. He also told his attorney that he fired his pistol at the alleged victim in self defense and that two eyewitnesses, Faye Cash and Lawrence Davis, could establish that defense.

The defendant's trial counsel testified at the hearing. He also filed an affidavit in support of the defendant's motion. He stated that he filed no demand for discovery in the case, which is his usual practice. He stated that as a former Chief Assistant State Attorney he is of the opinion that filing a demand for discovery simply alerts the prosecutor to the case. Apparently he thinks that the State Attorney's Office does not diligently prosecute an attempted murder case. It is difficult to follow this reasoning since defendant's trial counsel conducted pretrial settlement negotiations. One cannot imagine a prosecutor negotiating a plea in an attempted murder case without reviewing the file.

He further justified his failure to file a demand for discovery in this case because he wanted to have the witness Faye Cash "in the hole." What this was to accomplish is unclear but the attempt to surprise failed since the State subpoenaed Faye Cash in January, 1987, months before the trial and the subpoena was part of the court file.

He further testified that he inspected the court file, obtained the names of all of the witnesses from it and "contacted" all of them

115

except two. They happened to be the most important witnesses-Anthony Bradshaw, who was the victim, and Lawrence Davis, the defendant's eyewitness. Both of these witnesses were from Sanford but were living in the Atlanta area at the time of trial.

Trial counsel realized that it was important to have Davis at trial. However, he did nothing to secure his presence. It is known that Davis was available because the prosecutor called him on the telephone just prior to trial.

Additionally, trial counsel stated that he neglected to analyze a search and seizure issue to see if a driver's license seized as evidence could be suppressed (it never occurred to him) and he neglected to investigate the victim's background to see if he had a propensity for violence or if he was a convicted felon.

Trial counsel stated that he was of the belief that the victim would not show up at trial and the case would be dismissed. He based this belief upon unsubstantiated information provided by the defendant. Accordingly, he filed a Motion for Discharge and the case was set for trial. When trial counsel noticed that the victim was present on the day of trial, he asked for a continuance. Not surprisingly, the motion was denied.

Lawrence Davis did appear and testify at the hearing on the defendant's motion for post conviction relief. His testimony is similar to the testimony of Faye Cash but he had a better view of the incident. He saw the shooting. He saw the victim reaching for his back pocket just before the shots were fired. However, he did not appear for trial because he was wanted for a violation of probation in Seminole County and he feared arrest.

A review of recent appellate opinions is necessary in order to consider the merits of the defendant's motion. The question of ineffective assistance of counsel was considered by the United States Supreme Court in *Strickland v Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and by the Supreme Court of Florida in *Knight v State,* 394 So.2d 997 (Fla. 1981).

In *Strickland,* the Court noted that the right to counsel under the Sixth Amendment means the right to effective assistance of counsel. And counsel can deprive a defendant of effective assistance simply by failing to render adequate legal assistance. The test in *Strickland* is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be reied on as having produced a just result. 466 U.S. at 686. The *Knight* case requires a showing that a specific act or omission was a substantial and serious deficiency

116

measurably below that of competent counsel which, considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. 394 So.2d at 1001.

Other courts have had occasion to address this issue. One Florida case was reported prior to both *Strickland* and *Knight* and it discussed the very situation which is pertinent here. *Martin v State,* 363 So.2d 403 (Fla. 4th DCA 1978).

In *Martin,* the court ordered a new trial because defense counsel failed to contact or secure the presence of a witness. Judge Dauksch, speaking for the court, stated "In order for a person accused of a crime to receive effective assistance of counsel, there must be adequate preparation for trial, not just representation at trial." 363 So.2d at 404.

In *Majewski v State,* 487 So.2d 32 (Fla. 1st DCA 1986), the defendant provided the names of several alibi witnesses which defense counsel failed to interview or call at trial. The trial judge denied the 3.850 motion without a hearing. The District Court ordered a hearing stating that "the allegations of the motion, if found to be true could support an order finding ineffectiveness on the part of defense counsel and granting a new trial." 487 So.2d at 33 *See also Warren v State,* 504 So.2d 1371 (Fla. 1st DCA 1987).

Most recently, the Fifth District had occasion to consider the case of *Williams v State,* 507 So.2d 1122 (Fla. 5th DCA 1987). In *Williams,* defense counsel did no pretrial investigation. Even though defense witnesses were available he did not call them on the excuse that he wanted to preserve his right to open and close final arguments. He even advised the defendant not to testify which would have left the State's version of events uncontradicted. He also declined to depose the victim in the case in order to retain a "tactical surprise examination." The court held that a trial strategy to do nothing is not acceptable.

The only conclusion that can be reached in the present case is that defense counsel undertook representation of a defendant in a substantial case, obtained a substantial fee for that representation and opted for the same strategy as in *Williams*-to do nothing. This strategy avoids the expense of pretrial preparation thereby maximizing the amount of the fee which defense counsel can retain and minimizing the time spent in pretrial preparation but it is wholly unacceptable, totally ineffective and demonstrates incompetency.

Lawrence Davis is from Sanford. His family is here. He could be easily located and was in fact located by both the State Attorney and

**117**

the Public Defender. He could have been served with a witness subpoena in Georgia through the operation of the Interstate Extradition of Witnesses Act. F.S. Chapter 942.01, *et. seq.* He was even immune from arrest on the violation of probation warrant while obeying the witness subpoena issued pursuant to that act. F.S. 942.04(1). His testimony was material because if believed it would have established the defense of self defense. Filing a motion for discharge before securing Davis as a witness was inexcusable. The omission was a deficiency well below that expected of competent counsel. It was prejudicial to the defendant to the extent that it is likely that it affected the outcome of the proceedings. Finally, the omission resulted in a trial that cannot be relied upon as having produced a just result.[1] Accordingly,

IT IS ADJUDGED:

1. The judgment and sentence entered herein is set aside and the defendant is granted a new trial with docket sounding on July 27, 1989, at 1:30 p.m. in Courtroom "B" of the Seminole County Courthouse.

2. The Public Defender is appointed to represent the defendant.

3. The defendant shall be admitted to bail on this charge in the amount of $5,000.00

ORDERED at Sanford, Seminole County, Florida, this 20th day of June, 1989.

---

[1] The testimony which Davis could have provided was not merely cumulative. The testimony at trial was in hopeless conflict. Davis was the eyewitness who was closest to the scene and his version of the events corroborated the testimony of the defendant.