549 So.2d 686 (1989)
Francis M. SORGMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-576.
District Court of Appeal of Florida, First District.
August 16, 1989.
Rehearing Denied October 26, 1989.
Francis M. Sorgman, pro se.
No appearance for appellee.
PER CURIAM.
Appellant filed a motion for post-conviction relief pursuant to Rule 3.850, Fla.R. Crim.P., and alleged ineffective assistance of counsel. The trial court denied the motion without an evidentiary hearing and without attaching a portion of the record *687 which conclusively shows appellant is entitled to no relief.
Because the trial court denied appellant's motion in summary fashion this court's review is limited to determining whether the motion conclusively shows on its face that appellant is entitled to no relief. Thames v. State, 454 So.2d 1061 (Fla. 1st DCA 1984). A defendant alleging ineffective assistance of counsel must first allege a specific omission or overt act upon which his claim is based and such allegations must be in sufficient detail to apprise the court of the names of the witnesses, substance of their testimony, and how the omission prejudiced the outcome of the trial. Swain v. State, 502 So.2d 494 (Fla. 1st DCA 1987). Among the specific acts or omissions of counsel which appellant asserts to prove counsel's ineffectiveness are counsel's failure to interview and call witnesses appellant told counsel about who may have been able to cast doubt on appellant's guilt and counsel's failure to conduct an adequate pretrial investigation by deposing prospective witnesses including the alleged victim of the kidnapping for which appellant was convicted. (Appellant claims that the alleged kidnapping victim would have testified that she left the crime scene with appellant willingly.) Such failures can constitute ineffective assistance of counsel. Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986).
Since we find that appellant's allegations are facially sufficient, we therefore reverse and remand with instructions to reconsider appellant's 3.850 motion and to attach those portions of the file and record which conclusively show that appellant is entitled to no relief, or, alternatively, to grant an evidentiary hearing.
BOOTH, JOANOS and MINER, JJ., concur.