559 So.2d 723 (1990)
William Edward WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2238.
District Court of Appeal of Florida, First District.
April 16, 1990.
William Edward Williamson, pro se.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
William Edward Williamson appeals the summary denial of his motion for post-conviction relief in which he alleged ineffective assistance of trial counsel.[1] Of the seven points raised in this appeal, only three were presented to the trial court: (1) trial counsel failed to investigate, locate, depose and call unnamed, but identifiable, witnesses for trial; (2) trial counsel failed to investigate and discover that the victim was coached by her maternal grandfather; (3) trial counsel failed to object to the victim's closed-circuit television testimony.[2] We hold that the trial court correctly found the motion facially insufficient as it related to the first and second allegations for relief. However, we find that Williamson stated a cognizable claim of ineffective assistance of trial counsel with respect to the third allegation. We reverse and remand with directions that the court properly comply *724 with Florida Rule of Criminal Procedure 3.850.
Williamson's failure to allege the identities of the uncalled witnesses, and his failure to state whether those witnesses were available for trial, rendered the first and second allegations facially insufficient. See Robinson v. State, 516 So.2d 20 (Fla. 1st DCA 1987). Attached to Williamson's initial brief are affidavits of the uncalled witnesses, stating that defense counsel told them to stay home from trial. Williamson also attempts to amend his initial brief by written motion in which he identifies the uncalled witnesses, asserts that they were available for trial and describes their testimony. However, Williamson did not present this information to the trial court. Under these circumstances, neither the affidavits nor the motion to amend may be considered by this court in reviewing the post-conviction motion. See Russell v. State, 521 So.2d 379 (Fla. 1st DCA 1988); Robinson; McCorkle v. State, 419 So.2d 373 (Fla. 1st DCA 1982).
With respect to Williamson's allegation that defense counsel was ineffective for failing to object to the use of the closed circuit television procedure, the State concedes that defense counsel did not object to the procedure. The State contends, however, that an objection to the closed-circuit procedure would have been unavailing in light of the constitutionality of the statute authorizing the procedure. The State also contends that Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), which rejected the use of a screen at trial to block a child witness' view of the accused defendant, was decided after Williamson's trial and, therefore, defense counsel was not required to anticipate that decision. Because Williamson failed to demonstrate that defense counsel acted in a deficient manner, the State found it unnecessary to address whether any prejudice occurred as a result of defense counsel's actions.
The State's analysis misses the mark. The specific issue in this appeal is not whether the use of the closed circuit television procedure comported with the confrontation clause. The issue is whether defense counsel's failure to object to the procedure or ask any questions at the hearing constituted ineffective assistance of trial counsel. The trial court addressed the merits of this issue and summarily denied the post-conviction motion without attaching relevant portions of the record which conclusively showed that Williamson was not entitled to relief, as required under rule 3.850. We reverse and remand with directions that the court either support its summary disposition of the third allegation of the post-conviction motion with relevant attachments conclusively demonstrating that Williamson is not entitled to relief, or conduct an evidentiary hearing in compliance with rule 3.850.
AFFIRMED in part; REVERSED in part and REMANDED to the trial court.
WENTWORTH and BARFIELD, JJ., concur.
ERVIN, J., specially concurs with opinion.
ERVIN, Judge, specially concurring.
Although I agree with the majority's disposition of the three issues, nevertheless, in affirming issue number one, relating to the question of whether the trial court erred in summarily denying appellant's motion for post-conviction relief on the alleged ground that his trial attorney was ineffective in failing to investigate, locate, depose or call certain unnamed but identifiable witnesses, I would do so without prejudice to appellant's right to amend his 3.850 motion before the trial court.
NOTES
[1] This court affirmed Williamson's direct appeal from a judgment and sentence for capital sexual battery. Williamson v. State, 536 So.2d 246 (Fla. 1st DCA 1989).
[2] Williamson's failure to present to the trial court the other issues raised in this appeal precludes review of those issues by this court.