617 So.2d 825 (1993)
Leon HIGHSMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2564.
District Court of Appeal of Florida, First District.
May 3, 1993.
Leon Highsmith, pro se.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, Leon Highsmith, appeals the denial of his motion for post-conviction relief, in which he attacked the judgment and sentence imposed after a jury found him guilty of possession of a firearm by a convicted felon. Appellant was sentenced as an habitual felon to a 30-year term of imprisonment. We reverse and remand for further proceedings.
*826 Appellant alleged his trial counsel provided ineffective assistance, by failing to interview and to call as witnesses at trial the two persons who were with him on the night of his arrest. Appellant further alleged that he gave his counsel the names of his two companions, Eric Walker, appellant's cousin, and Jody Porter, appellant's friend, and asked his counsel to interview these named individuals, and to ascertain whether they would be willing to testify on appellant's behalf at his trial. According to the allegations of the post-conviction motion, if these witnesses had been called, they would have testified that the firearm found under the seat of appellant's automobile did not belong to him, and he had no knowledge of its presence. In addition, appellant alleged that although his counsel assured him that he would interview Walker and Porter, counsel did not do so and neither witness was called to testify at trial.
The trial court found appellant's contentions without merit, on the ground that a decision concerning introduction of trial testimony is a strategic matter left to the judgment of trial counsel, and as such, it is not a proper ground for post-conviction relief. At our request, the state filed a brief responding to the allegations of the motion. See Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). Counsel for the state concedes that appellant satisfied two of the criteria set forth in Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986), for evaluation of an ineffective assistance of counsel claim predicated upon defense counsel's failure to interview allegedly exculpatory witnesses. However, the state asserts appellant failed to allege sufficiently specific facts in support of the other two criteria enumerated in Majewski. We disagree.
In cases involving claims of ineffective assistance of counsel based on counsel's alleged failure to investigate and to interview witnesses, a facially sufficient motion must include the following allegations: (1) the identity of the prospective witnesses; (2) the substance of the witnesses' testimony; and (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial. See Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989); Robinson v. State, 516 So.2d 20 (Fla. 1st DCA 1987); Swain v. State, 502 So.2d 494 (Fla. 1st DCA 1987); Majewski, 487 So.2d at 33.
Our research has disclosed no authority for the state's assertion that, not only must the defendant identify the witness by name and explain the nature of the testimony he or she would give if called as a witness, but also the defendant must provide specific details concerning the source of the witness's information and the reasons the witness would testify in the manner specified. None of the cases cited by the state appear to require such a fact-specific showing to establish the facial sufficiency of ineffective assistance of counsel allegations to the degree argued. For example, in Sorgman, the court explained:
A defendant alleging ineffective assistance of counsel must first allege a specific omission or overt act upon which his claim is based and such allegations must be in sufficient detail to apprise the court of the names of the witnesses, the substance of their testimony, and how the omission prejudiced the outcome of the trial. (citation omitted) Among the specific acts or omissions of counsel which appellant asserts to prove counsel's ineffectiveness are counsel's failure to interview and call witnesses appellant told counsel about who may have been able to cast doubt on appellant's guilt and counsel's failure to conduct an adequate pre-trial investigation by deposing prospective witnesses including the alleged victim of the kidnapping for which appellant was convicted.
549 So.2d at 687. The court found Sorgman's allegations facially sufficient to state a basis for post-conviction relief, and reversed and remanded with instructions to reconsider the motion, and to attach portions of the record which would conclusively demonstrate that relief was not warranted, or to grant an evidentiary hearing. Id.
Appellant in this case alleged that prior to trial, (1) he told his attorney that his cousin, Eric Walker, and friend, Jody Porter, *827 were with appellant on the night of his arrest; (2) he asked his attorney to interview Walker and Porter "and ascertain if they would be willing to testify on his behalf at his trial;" (3) appellant's attorney assured appellant he would interview the witnesses named by appellant; (4) later, appellant learned that neither witness was interviewed; (5) neither witness testified at trial; (6) these witnesses would have testified that the firearm found under the seat of appellant's automobile did not belong to him, and he had no knowledge of its presence; (7) the prosecution commented to the jury on appellant's failure to call these witnesses; and (8) since the key issue was appellant's knowledge that the firearm was under the seat of the automobile, testimony that he had no such knowledge could have affected the outcome of the proceedings. Although appellant expressed an implicit uncertainty concerning the witnesses' willingness to testify at trial, case law on point has required only that the defendant allege the witness was available to testify  not that the named witness would testify willingly. See Smith v. State, 601 So.2d 611 (Fla. 1st DCA 1992); Williamson v. State, 559 So.2d 723 (Fla. 1st DCA 1990); Robinson v. State, 516 So.2d 20 (Fla. 1st DCA 1987).
In Sorgman and Majewski, this court reviewed allegations which are the functional equivalent of the allegations in the instant case. On the basis of those allegations, the court concluded the respective appellants had made a sufficient showing of entitlement to post-conviction relief to withstand a summary denial of the motion. In keeping with our rulings in Sorgman and Majewski, we must reverse the challenged order in this case.
Accordingly, the order denying appellant's motion for post-conviction relief is reversed and remanded with directions to attach portions of the record conclusively refuting appellant's claims, or to conduct an evidentiary hearing.
SMITH and MINER, JJ., concur.