PER CURIAM.
Appellant Lydell C. Rogers appeals from the summary denial of his 3.850 motion. We reverse on two of the grounds raised by Rogers and affirm the remainder of the order on appeal.
Rogers first argues that he should not have been treated as a habitual offender because his offenses occurred between October 1, 1989 and May 2, 1991, a period in which the habitual offender statute, section 775.084, Florida Statutes (1989), was unconstitutional for violation of the single subject rule of the Florida Constitution. Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), ajfd State v. Johnson, 616 So.2d 1 (Fla.1992). The court rejected this argument, finding (1) the offense for which Rogers was sentenced occurred prior to the effective date of the 1989 amended statute, and (2) none of Rogers’ predicate offenses were affected by the 1989 amendment. On its face, the order purports to attach a copy of the arrest report to substantiate the date of the offense. The record on appeal, however, contains no attachments to support the trial court’s recitation that Rogers’ offense (“a $10 street sale of crack cocaine”) occurred on July 27, 1989 or to support the court’s finding that none of Rogers’ predicate offenses were affected by the 1989 amendment.
Also under this point, Rogers argues that even if he is found to qualify as a habitual felony offender, the sentence imposed, by his claim under the 1989 statute, qualifies him only for incentive gain time, instead of basic and incentive gain time, which he argues were allowed under the 1987 statute. This argument ignores the 1988 amendment, chapter 88-131, Laws of Florida, which limited gain time granted by the Department of Corrections to incentive gain time. Thus, if the trial court is able to attach portions of the record indicating that Rogers’ offenses occurred before the 1989 amendment, or Rogers’ underlying offenses qualified him for habitual offender treatment in any event, this claim will fail.
We must also reverse the trial court’s summary denial of Rogers’ claim of ineffective assistance of counsel. Rogers alleged he gave his attorney the name of witness Leroy Ellis, who “could have testified that defendant was just standing there waiting for a ride, and was not the defendant standing there selling the undercover officer crack cocaine when the officer mistaken [sic] and picked out Lydell Rogers as the selling [sic].” Although the order cites a discovery document indicating the name of Leroy Ellis as a potential defense witness, and also notes a November 28,1989 notice of Ellis’ deposition, no such documents are attached to the order. On this state of the record, we cannot affirm the trial court’s conclusion that the decision not to call Ellis was purely tactical. Attachment of record portions or further proceedings are required on this issue.
None of the remaining aspects of appellant’s motion has merit, and we affirm the denial of those claims.
We REVERSE and REMAND to the circuit court for attachment of those portions of the record which conclusively show appellant is entitled to no relief or for an evidentiary hearing on the two issues addressed in this opinion. Fla.R.Crim.P. 3.850(d); Hodges v. State, 19 Fla.L.Weekly D478 (Fla. 1st DCA March 2, 1994).
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.