PER CURIAM.
Lydell Rogers (Appellant) appeals the trial court’s order denying his. motion for post-conviction relief. We affirm the order in part, reverse it in part, and remand the case to the trial court for an evidentiary hearing.
This is Appellant’s second visit to this court on virtually identical matters. Appellant was convicted of sale of cocaine within 1,000 feet of a school and possession of cocaine, and received an enhanced sentence pursuant to section 775.084, Florida Statutes (Supp.1988). In the prior collateral attack on his conviction, Appellant alleged that he had given his attorney the name of witness Leroy Ellis, who “could have testified that defendant was just standing there waiting for a ride, and was not the defendant there selling the undercover officer crack cocaine when the officer mistaken [sic] and picked out Ly-dell Rogers as the selling [sic].” In the initial order summarily denying Appellant’s motion, the trial court merely cited a discovery document indicating Ellis’ name as a potential defense witness and indicating a notice of Ellis’ deposition. With only that information, this court held:
On this state of the record, we cannot affirm the trial court’s conclusion that the decision not to call Ellis was purely tactical. Attachment of record portions or further proceedings are required on this issue.
Rogers v. State, 638 So.2d 132, 133 (Fla. 1st DCA 1994). Accord Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993) (facially sufficient motion alleging failure to call witness must include identity of prospective witness, substance of witness’ testimony, and explanation as to how omission of this evidence prejudiced outcome of trial).
On remand, the trial court again denied Appellant’s motion but attached the above-noted documents from the trial record. Having reviewed the order on remand and attachments, we are constrained to conclude that the attachments do not satisfy the requirement of Florida Rule of Criminal Procedure 3.850(d): to show conclusively that Appellant is entitled to no relief on the issue of trial counsel’s alleged failure to perform an adequate investigation and to call at trial a purported alibi witness. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Rosemond v. State, 634 So.2d 259 (Fla. 1st DCA 1994) (absent attachments conclusively refuting allegation of ineffective counsel, order was deficient for failing to recite any basis for determination that counsel’s acts were “tactical”). Because ineffective assistance of counsel is alleged and Appellant’s motion is facially sufficient under the test set forth in Highsmith, 617 So.2d at 826, we conclude that the trial court’s finding here that trial counsel’s particular acts or omissions were “presumably a tactical decision” is a matter proper for determination only after an evidentiary hearing. Thomas v. State, 634 So.2d 1157 (Fla. 1st DCA 1994) (absent an evidentiary hearing, the finding that defense counsel’s actions or omissions were “trial tactics” was inappropriate); Davis v. State, 608 So.2d 540 (Fla. 2d DCA 1992) (summary determination that defense counsel’s failure to present testimony of expert witness was “tactical matter” is conclusion best made by trial court following evidentiary hearing).
On the other hand, the attachments from the record relating to the July 1989 date of Appellant’s offenses and his prior conviction of robbery with a firearm conclusively demonstrate that he was legally classified and properly sentenced to an enhanced term of imprisonment pursuant to section 775.084, Florida Statutes (Supp.1988). See Laws of Fla.1988, ch. 88-131, § 6 (setting effective date of statute as October 1, 1988). As he was sentenced under the 1988 provisions, Appellant’s constitutional challenge of the *974 1989 amendments to the habitual felony offender statute demonstrated no basis for relief. Accordingly, the trial court properly found this issue to be without merit.
AFFIRMED in part, REVERSED in part, and REMANDED for an evidentiary hearing.
WEBSTER, MICKLE and BENTON, JJ., concur.