PER CURIAM.
Carter Heuton appeals the denial of his motion to vacate his conviction made pursuant to Florida Rule of Criminal Procedure 3.850.
In his motion appellant raised numerous claims, the vast majority of which are not cognizable in a collateral attack upon a conviction. We affirm the trial court on those issues inappropriate for postconviction relief.
Appellant alleged in his motion that trial counsel was ineffective in failing to investigate two potentially helpful witnesses. To his motion he appended a police report which indicated that someone told the responding officer that there was a black man with a gun in the store that had been reported robbed. Appellant is white.
Additionally the report identified a woman who purportedly saw a man acting suspiciously near a car which matched the description of appellant’s automobile, and she described him as “small.” Appellant described himself as over six feet tall, weighing one hundred-eighty pounds.
Appellant contended that trial counsel was ineffective for failing to depose the officer, and otherwise to follow up on witnesses who might have been helpful to him in a case with little eyewitness testimony.
The trial court in denying the motion appended a defense notice of taking deposition from the court file which included a scheduled deposition from the officer who authored the police report.
The notice of deposition does not conclusively refute appellant’s claim; at best it establishes that the deposition was scheduled, not that it was undertaken. A similar tack was taken by the trial judge in Rogers v. State, 652 So.2d 972 (Fla. 1st DCA 1995), where a notice of deposition and witness list from the court file were appended to the order denying Rogers’ motion to vacate his conviction. He had sought to vacate his conviction alleging trial counsel was ineffective for failing to investigate adequately an alibi witness he had provided to his attorney. In Rogers, 652 So.2d at 973, the court reversed, finding the motion facially sufficient, and not conclusively refuted by the record. An evi-dentiary hearing was ordered.
We conclude that appellant’s claim is facially sufficient and reverse. On remand the trial court is free to supplement the record if there are materials available which in fact conclusively refute Heuton’s allegations. If not, he is entitled to an evidentiary hearing.
Any party aggrieved by any subsequent decision of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and CAMPBELL and ALTENBERND, JJ., concur.