710 So.2d 595 (1998)
Jack Houston BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3675.
District Court of Appeal of Florida, First District.
March 18, 1998.
Appellant, pro se.
*596 No appearance by appellee.
WOLF, Judge.
Brooks appeals from a final order summarily denying his rule 3.850 motion for postconviction relief. He raised a number of grounds in his motion, only one of which requires an evidentiary hearing or attachment of portions of the record conclusively refuting the claim. Appellant claimed that defense counsel had rendered constitutionally ineffective assistance by failing to call Christy Stewart or Linda Brooks as defense witnesses. The trial court denied this claim at least in part because there had been no showing that counsel's performance had been outside the wide range of reasonable professional assistance, or that the outcome of the trial would have been different. The trial court did not, however, attach to its order denying relief any portions of the record supporting these conclusions. We find in light of the limited evidence of defendant's guilt at trial, and the critical nature of the evidence in controversy, that the trial court erred in summarily denying this claim. As to all other grounds raised by appellant in his motion, we affirm the trial court's summary denial of relief.
Appellant was found guilty of committing a lewd and lascivious act in the presence of a child and committing a lewd or lascivious assault upon a child. The charges arose out of an alleged attack by appellant on his daughter's half sister during an automobile trip to the victim's cousin's house.
At trial, the jury heard testimony from the victim's cousin, the investigating officer, and the physician who examined the victim following the alleged attack. All testified that on the date of the alleged incident, the victim had related that appellant had sexually assaulted her. The victim was called as a court witness, and essentially testified that the whole story had been fabricated to get back at appellant for having slapped her and that she had been crying when she got to her cousin's house that night only because appellant had slapped her.
The only physical evidence presented at trial directly relating to appellant's guilt were the victim's clothes, including a body suit and a pair of shorts, and the results of DNA testing performed on one or more of these items. The victim's clothes had been taken as evidence during the physical examination of her which occurred on the night of the alleged attack. A Florida Department of Law Enforcement (FDLE) crime lab analysis of these clothing items showed the presence of seminal fluid on both the body suit and the shorts. A preliminary DNA report completed by FDLE showed that the DNA profile taken from secretions on the fabric submitted for analysis matched appellant's DNA profile. It is impossible to tell from the record before us whether the DNA match was made from the body suit or the shorts or both.
Appellant claimed in his motion that defense counsel had rendered constitutionally ineffective assistance by failing to call a single defense witness on behalf of appellant. Appellant specifically named two witnesses, Christy Stewart and Linda Brooks, whom he stated should have testified. According to the allegations made in the motion, Stewart would have testified that the victim had planned to wrongly accuse appellant of this crime, and Linda Brooks would have testified that she owned the semen-stained body suit allegedly found by police in the possession of the victim, that she had worn the body suit the day before the alleged incident, that the victim had "stolen" the body suit from the dirty clothes hamper at the Brooks' residence on the day of the alleged incident, and that the victim had been wearing shorts and a blouse (not the body suit) when she left the Brooks' residence on the night of the alleged incident. In support of his allegations in this regard, appellant attached to his motion an affidavit from Linda Brooks showing that she would have testified as he alleged in the motion. Appellant also specifically alleged in support of this claim that the body suit had been a major issue in this case and that without it only inconsistent hearsay statements would have remained as evidence which would have been legally insufficient by themselves to support a finding of guilt beyond a reasonable doubt. Appellant further alleged in support of this claim that "[c]ounsel's decision not to call any defense witnesses caused this Defendant to be found guilty of crimes that he did not commit" (emphasis in original).
*597 These allegations were adequate to state a legally sufficient ineffective assistance of counsel claim. This court has specifically held that postconviction ineffective assistance of counsel claims challenging an alleged failure by defense counsel to call witnesses favorable to the defense, must include the following allegations: "(1) the identity of the prospective witnesses; (2) the substance of the witnesses' testimony; and (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial." Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993). Appellant specifically identified who defense counsel should have called as witnesses, stated what those persons would have said had they been called, and explained that this omission prejudiced the outcome of the trial in that had these witnesses testified he would not have been found guilty. The trial court's denial of this claim without the requisite attachments showing why the omission of these witnesses' testimony would have made no difference warrants a reversal either for attachment of those portions of the record demonstrating why the omission of these witnesses' testimony would have made no difference, or for an evidentiary hearing. See Strickland v. Washington, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Highsmith, supra.
BARFIELD, C.J., and LAWRENCE, J., concur.