PER CURIAM.
Frederick Johnson appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. His motion attacked his 1997 conviction for robbery with a firearm and grand theft, alleging several instances of ineffective assistance of counsel. We affirm the trial court’s denial of all but one of these claims. We reverse as to Johnson’s claim his trial counsel was ineffective for failing to investigate and call alibi witnesses because the attachments to the trial court’s order do not refute this one facially sufficient claim.
In his motion, Johnson provided the names and addresses of several witnesses he contended would be able to place him somewhere else at the time of the crime. His motion contained the substance of what these witnesses’ testimony would have been had they been called .to testify. Johnson alleged that he told his lawyer about these witnesses, but his lawyer refused to investigate them and failed to call them at trial. He also alleged these witnesses were available to testify and had they testified, the outcome of his trial would have been different. These allegations set forth a facially sufficient claim of ineffective assistance of counsel. See Robinson v. State, 659 So.2d 444 (Fla. 2d DCA 1995); Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993).
The trial court attached a document to its order it believed refuted Johnson’s claim. This document appears to be a part of a billing statement from an investigative firm hired by Johnson’s attorney. The document contains a short narrative stating two private investigators spoke with Johnson while he was in pretrial detention. According to the narrative, Johnson was unable to provide any names of potential alibi witnesses to the investigators at that time.
The trial court ruled this document showed that Johnson had not told his lawyer about any alibi witnesses at any time and, therefore, conclusively refuted Johnson’s claim. We disagree with this conclusion. At best, the document establishes that Johnson could not identify alibi witnesses at the time the private investigators interviewed him. It does not establish that Johnson never informed his counsel of potential alibi witnesses at any other time. See Heuton v. State, 659 So.2d 480 (Fla. 2d DCA 1995).
Moreover, the narrative contained in the billing statement was not a part of the “motions, files and records” of this case. See Fla. R.Crim. P. 3.850(d). The facts contained in the narrative were never introduced into evidence. The narrative is not a part of a court-prepared document. Of even more concern, the narrative contains no information revealing who interviewed Johnson or who prepared the narrative. It is true that the billing statement was placed in the court file prior to Johnson filing his motion. Likewise, the billing statement and the narrative *972 were not filed specifically to refute Johnson’s allegations; documents filed in this instance do not qualify as records that can be used to summarily deny a facially sufficient claim. See Cintron v. State, 504 So.2d 795 (Fla. 2d DCA), appeal after remand, 508 So.2d 1315 (Fla. 2d DCA 1987). However, the court was not relying upon the billing statement itself to refute Johnson’s claim; instead, it relied upon the unsworn hearsay contained in the narrative.
We find that, under the unique facts of this case, the narrative is dehors the official court record and cannot be used to refute Johnson’s claim. To hold otherwise and allow the court to rely on these anonymous assertions would have the effect of “permit[ting] a hearing without all of the attendant requisites of such hearing.” Sampson v. State, 158 So.2d 771, 773 (Fla. 2d DCA 1963). The requisites of a hearing would, at a minimum, include an opportunity for Johnson to raise evidentiary objections or privileges and to inquire into the identity of the declarants. See Cintron, 508 So.2d at 1316.
Because the attachments to the trial court’s order were insufficient to refute Johnson’s claim, we reverse and remand for an evidentiary hearing.
ALTENBERND, A.C.J., and BLUE and CASANUEVA, JJ., Concur.