ORFINGER, J.
James M. Sookov appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Sookov was charged with arson and was tried, convicted, and sentenced to seventeen years in prison. His conviction was affirmed on direct appeal. Sookov v. State, 833 So.2d 155 (Fla. 5th DCA 2002). Although Sookov raises numerous claims of ineffective assistance of counsel in his rule 3.850 motion, only one merits further discussion and an evi-dentiary hearing.
Sookov contends that his counsel was ineffective for failing to call, interview or investigate three alibi witnesses. Sookov asserts that he informed his trial counsel that he had been drinking and dining with Donna and Denise Reynolds on the night of the fire. He further maintains that he told counsel where the two women could be located. Sookov also claims that he *544 told counsel about another “alibi” witness, a drug dealer who would have testified that he sold cocaine to Sookov’s wife, the victim of the arson, and that the witness would have testified that other cocaine dealers had threatened to burn down the wife’s home if her drug debts went unpaid. Sookov states that he gave counsel the drug dealer’s name, and advised counsel that the drug dealer was in the same jail as Sookov and had agreed to testify. However, Sookov contends that counsel failed to interview, depose or subpoena this witness.[1]
These allegations adequately state a legally sufficient ineffective assistance of counsel claim. See Brooks v. State, 710 So.2d 595, 597 (Fla. 1st DCA 1998). Sookov identified the prospective witnesses that trial counsel should have called and their whereabouts, stated the substance of the witnesses’ testimonies, and explained how the alleged omission prejudiced the outcome of the trial in that, had these witnesses testified, there is a probability that he would have been found not guilty. Because the trial court denied this claim without the requisite attachments showing why the omission of the testimony of these witnesses would have made no difference, we reverse and remand either for attachments conclusively refuting this claim or for an evidentiary hearing. See Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We find no merit in Sookov’s remaining claims.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GRIFFIN and TORPY, JJ., concur.

. Based on the limited record before us, we are unable to say if the drug dealer's testimony would have been admissible at the trial.