962 So.2d 355 (2007)
Norman K. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5682.
District Court of Appeal of Florida, First District.
July 18, 2007.
Rehearing Denied August 23, 2007.
Norman K. Brown, pro se, Appellant.
Bill McCollum, Attorney General, Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm without discussion Appellant's claim that counsel was ineffective for interfering with his right to testify during trial and his claim that counsel was ineffective for failing to investigate and call Ava Wilson as a witness. We reverse the trial court's summary denial of Appellant's claim that counsel was ineffective for failing to investigate and call four other witnesses.
*356 Appellant has alleged a facially sufficient claim of ineffective assistance of counsel for failing to investigate and call as witnesses Arthea Cherry, Laura Clayton, Walter Reeves, and Officer Ferrara because he stated each witness' proposed testimony, how the omission of this evidence prejudiced the outcome of his trial, and that these witness were willing and available to testify. See Nelson v. State, 875 So.2d 579, 583 (Fla.2004).
The trial court denied relief, finding that Appellant was not prejudiced by counsel's failure to call these witnesses, explaining that each would have presented impeachment evidence, at best, and their proposed testimony conflicted with Appellant's defense theory. The trial court either failed to attach any records showing how the witness' proposed testimony would not affect the outcome of the trial or attached records which do not conclusively refute Appellant's claim because they do not explain Appellant's defense theory. When summarily denying relief regarding failure to call witnesses, a trial court should attach record portions explaining how a witness' testimony would not have affected the outcome of the trial. We find that its failure to do so here constitutes reversible error. See Brooks v. State, 710 So.2d 595, 597 (Fla. 1st DCA 1998). Accordingly, we reverse in part the trial court's summary denial of Appellant's motion for postconviction relief and remand for the trial court to conduct an evidentiary hearing or to attach further records conclusively showing Appellant is entitled to no relief.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, DAVIS and THOMAS, JJ., concur.