PER CURIAM.
Tammy Truesdale appeals an order denying her request by letter for post conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. Among other things, the letter states that: (1) Appellant entered a plea of guilty to the offense of solicitation to commit murder under duress caused by a judge’s secretary; (2) Appellant’s attorney failed to take any depositions of witnesses, failed to submit to the judge a statement made by Felix Williams in which Williams confessed that he had “set up” Appellant, and “misrepresented” Appellant in “declining to perform his professional duty accordingly”; and (3) some court papers incorrectly indicate that Appellant entered a plea to the offense of conspiracy to commit murder, instead of solicitation to commit murder.
The motion is facially insufficient in several respects. Among other things, it is not under oath; it does not specify whether any previous post convictions motions were filed; and it does not specify whether there was an appeal from the final judgment or sentence. Fla.R.Crim.P. 3.850; State v. Shearer, 628 So.2d 1102 (Fla.1993); Williams v. State, 561 So.2d 1349 (Fla. 1st DCA 1990); Young v. State, 585 So.2d 1184 (Fla. 5th DCA 1991). However, because the circuit court did not rule the motion to be facially insufficient, we affirm with leave for Truesdale to file an amended motion, if she so desires. Raines v. State, 625 So.2d 104 (Fla. 1st DCA 1993).
AFFIRMED.
ZEHMER, C.J., KAHN, J., and SHIVERS, Senior Judge, concur.