631 So.2d 361 (1994)
John J. LAMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-6.
District Court of Appeal of Florida, First District.
February 9, 1994.
John J. Lambert, pro se.
No appearance, for appellee.
LAWRENCE, Judge.
Lambert appeals the order of the trial court summarily denying his motion filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. He was convicted of multiple violent and non-violent felony offenses and seeks relief on numerous grounds. We do not have the benefit of the trial court's reasons for denying the motion, but we have examined the entire record, and conclude that the motion is procedurally deficient. We therefore affirm without reaching the merits of Lambert's claims.
Lambert's motion contains no facts that would warrant relief. Those portions of his "form" motion which provide space for a factual basis simply state "SEE AFFIDAVIT OF SUPPORT/MEMORANDUM OF LAW." Then follows a repeat of the case style, and a twenty-three-page document titled "MEMORANDUM OF LAW." Lambert attempts in this "MEMORANDUM OF LAW," to allege a factual basis to support his claim, interlaced with legal argument and numerous citations to legal authorities. The memorandum concludes with a notary public's certification that it is "sworn to and subscribed before me this ..." and a final *362 verification that Lambert has read the foregoing "Motion For PostConviction Relief."
Rule 3.850 requires that a motion filed pursuant to it be under oath and contain, among other things, "a brief statement of the facts." The principal reason that an oath is required is to discourage a movant from making false statements, by subjecting him to possible prosecution for perjury. If Lambert has made a false and material statement in the instant motion, we are of the view that he would have a viable defense to a perjury charge; first, on the ground that no facts were contained in the motion, and secondly, on the ground that a memorandum of law (Lambert's only document containing any facts) is not required in filing a 3.850 motion, resulting in the absence of the essential element of materiality.
Lambert's motion also fails in an attempt to incorporate by reference the "memorandum of law." A request to "SEE AFFIDAVIT OF SUPPORT/MEMORANDUM OF LAW" falls far short of satisfying the plain and clear requirement of rule 3.850.
Lambert's motion thus is facially deficient in that it fails to allege any significant facts to support the relief requested. The order of the trial court is affirmed.
BOOTH and DAVIS, JJ., concur.