637 So.2d 999 (1994)
Carlos A. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1344.
District Court of Appeal of Florida, First District.
June 8, 1994.
Carlos A. Jones, pro se.
*1000 Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Chief Judge.
Carlos Jones brings this appeal from the trial court's order summarily denying his motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. The motion alleges ineffective assistance of counsel because his counsel failed to call certain witnesses during trial. The trial court denied relief for the reason that "Defendant has failed to allege facts upon which relief may be granted... ." We affirm. See Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993); Robinson v. State, 516 So.2d 20 (Fla. 1st DCA 1987). We write this opinion, however, to bring attention to a frequently recurring deficiency in many rule 3.850 motions that requires summary denial of relief.
In the instant case, the motion properly set forth the initial information required by rule 3.850(c)(1)-(5); but as to the requirements of subparagraph (6)  that the motion also set forth a brief statement of the facts relied on to support the motion  the motion merely referred the trial court to an attached "Memorandum of Law." All of the facts relied on to support the motion were set forth in the memorandum of law rather than the motion itself. While the motion was made under oath as required by rule 3.850, the assertions of fact in the attached memorandum were not made under oath. Rule 3.987 prescribes an appropriate form of motion that complies with the requirements of rule 3.850, and the instructions in subparagraph (1) of that rule specifically require that the motion be sworn to so that "[a]ny false statement of a material fact may serve as the basis for prosecution and conviction for perjury." Subparagraph (2) of that rule also states that, "If briefs or arguments are submitted in support of your legal claims (as opposed to your factual claims), they should be submitted in the form of a separate memorandum of law." (Emphasis added.) It is perfectly evident, therefore, that to comply with these two rules, all matters of fact must be set forth under oath in the motion itself, and only matters of law may be presented in a supporting memorandum or brief. The motion filed in this case failed to meet the requirements of these rules by setting forth facts in the accompanying memorandum, and was legally insufficient on its face to warrant any relief from the trial court. For this reason, the order denying relief must be affirmed.[1]
It appears, however, that the trial court nevertheless passed on the sufficiency of the facts set forth in the accompanying memorandum of law, and we agree that even if those allegations of fact had been properly made under oath they were legally insufficient under Highsmith and Robinson to support any basis for relief under rule 3.850.
AFFIRMED.
SMITH and LAWRENCE, JJ., concur.
NOTES
[1] We decline to approve the suggestion made in Meagher v. Dugger, 861 F.2d 1242 (5th Cir.1988), that a movant may cure the type of defect present in the instant case by incorporating the memorandum of law by reference in the motion. That suggestion is inconsistent with requirements in rules 3.850 and 3.987. But cf. Price v. State, 487 So.2d 34 (Fla. 1st 1986), wherein we held that the movant's incorporating in his motion, on rehearing of the order denying it, a properly sworn affidavit supporting the grounds of the motion, was sufficient to comply with the rule and permit us to consider the facial sufficiency of the motion to allege a basis for relief. The critical consideration is that the matters of fact relied on by the movant be made under oath subjecting the movant to the penalties for perjury if the asserted facts are false.