641 So.2d 172 (1994)
Glenn SCHOFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-776.
District Court of Appeal of Florida, First District.
August 11, 1994.
Glenn Schofield, pro se, appellant.
No appearance for appellee.
PER CURIAM.
Glenn Schofield appeals the trial court's summary denial of his rule 3.850 motion. We affirm the denial without prejudice to Schofield to resubmit his motion to the trial court.
Our affirmance is based upon two grounds. First, a review of Schofield's rule 3.850 motion reveals that it is presented in four different documents. The first document, which is described as both a motion and a memorandum, contains the required oath and sets forth four separate grounds for relief. This document, however, does not properly set forth the initial information required by rule 3.850(c)(2) & (3).
Rule 3.850(c)(2) & (3) requires that a motion include "whether there was an appeal from the judgment or sentence and the disposition thereof" and "whether a previous post-conviction motion has been filed, and if so, how many." A failure to fulfill these requirements of rule 3.850 will result in a summary denial of a motion for post-conviction relief due to facial insufficiency of the motion. Truesdale v. State, 627 So.2d 1344 (Fla. 1st DCA 1993); Raines v. State, 625 So.2d 104 (Fla. 1st DCA 1993); Young v. State, 585 So.2d 1184 (Fla. 5th DCA 1991). In the instant case, Schofield's rule 3.850 motion does not state whether there was a direct appeal from the judgment and sentence. Neither does Schofield's motion specify whether any previous motions for post-conviction relief have been filed. Accordingly, Schofield's initial rule 3.850 motion failed to meet the requirements of Rule 3.850(c), and the trial court's order denying relief based upon this ground should be affirmed.
Second, Schofield filed three supplemental documents to his initial rule 3.850 motion. These documents contain eleven additional grounds for relief and they set forth both facts and law in support of each ground. Although each of these supplemental documents is signed and notarized, none of the documents contain a proper oath.
Rule 3.850 requires that a motion filed pursuant to it contain a brief statement of the facts and be under oath. "The principal reason that an oath is required is to discourage a movant from making false statements, by subjecting him to possible prosecution for perjury." Lambert v. State, 631 So.2d 361, 362 (Fla. 1st DCA 1994). Thus, where the allegations of fact are contained in a document that is not under oath, as is the case with Schofield's three supplemental documents, *173 the grounds alleged in the motion must be denied. Id.; Jones v. State, 637 So.2d 999 (Fla. 1st DCA 1994).
AFFIRMED.
MICKLE and LAWRENCE, JJ., and SHIVERS, Senior Judge, concur.