PER CURIAM.
Although appellant’s motion for postconviction relief was sworn to, the facts in support of the motion were set out in a separate memorandum of law which was not under oath. We find the motion to be facially insufficient to support the granting of any relief as all matters of record were alleged in the unsworn memorandum of law. Jones v. State, 637 So.2d 999 (Fla. 1st DCA 1994); Rackley v. State, — So.2d— [1995 WL 437266], 20 Fla.L. Weekly D1716 (Fla. 1st DCA Jul. 26, 1995). Accordingly, we affirm the trial court’s ruling. This disposition is without prejudice to appellant’s right to re *1380 submit the motion with a proper oath.[1] Schofield v. State, 641 So.2d 172 (Fla. 1st DCA 1994).
WOLF, WEBSTER and VAN NORTWICK, JJ., concur.

. The trial court denied the order on other grounds; however, it failed to attach parts of the record refuting appellant's allegation that his attorney misinformed him about his provisional gain time credit eligibility.