WOLF, Judge.
Although appellant’s motion for postconvietion rehef was sworn to, the facts in support of the motion were set out in a separate memorandum of law which was not properly sworn to. We find the motion to be facially insufficient to support the granting of any rehef as ah material matters of record were contained in the improperly sworn-to memorandum of law. Jones v. State, 637 So.2d 999 (Fla. 1st DCA 1994); Rackley v. State, 20 Fla.L.Weekly D1716, — So.2d - [1995 WL 437266] (Fla. 1st DCA Jul. 26, 1995). Accordingly, we affirm the trial court’s ruling. This disposition is without prejudice to appehant’s right to resubmit the motion with a proper oath.[1] Schofield v. State, 641 So.2d *409 172 (Fla. 1st DCA 1994).
WEBSTER and VAN NORTWICK, JJ., concur.

. The trial court denied the order on other grounds; however, it failed to attach parts of the record refuting appellant's allegation that his attorney allowed him to plead nolo contendere without informing him that the state would still pursue habitual offender status and a life sentence. A complete and accurate version of the circumstances could have been provided had the *409 trial court attached the transcript of the plea negotiations or plea colloquy.