PER CURIAM.
Glenn Schofield, for the third time, appeals an order denying his motion pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
The last time this motion was before this court, we held that appellant had properly corrected the pleading deficiencies in his motion and the required oath. However, on remand, the trial court correctly noted in its order that while the oath in appellant’s motion is correct, his memorandum of law is improperly sworn. Appellant’s motion contains no facts. He attempts to incorporate by reference the facts set forth in the improperly sworn memorandum of law. The motion is therefore facially insufficient and was properly denied by the trial court. See Peavy v. State, 599 So.2d 234 (Fla. 1st DCA 1992). However, because of this court’s prior ruling that the oath had been corrected, that ruling was the law of the ease. A ruling by the trial court on the merits of appellant’s claim would therefore have been proper under the previous directions of this court.
The principal reason for requiring an oath is to discourage a movant from making false statements by subjecting him to possible perjury. Lambert v. State, 631 So.2d 361 (Fla. 1st DCA 1994). The necessity of protecting against false claims or misstatement of fact exists with regard to appellant’s improperly sworn memorandum of law, as well. However, because we held the oath was proper, appellant in reliance on our holding did not correct the oath. On remand, appellant shall have 20 days from the date of receipt of this decision in which to file a properly sworn memorandum of law, and upon failure to do so he will be barred from raising these 3.850 claims, as he is well beyond the two-year window for raising such claims.
As the trial court has correctly noted, claims two, three, and four are issues that should have been raised by appellant on direct appeal, and are therefore not cognizable under 3.850. See Williams v. State, 642 So.2d 67 (Fla. 1st DCA 1994). Claim one raises several issues, only three of which are facially sufficient and need be considered by the trial court if appellant timely corrects the oath in the memorandum of law. The trial court must determine whether trial counsel was ineffective by (1) failing to communicate a plea bargain offered by the state, (2) affirmatively misleading the appellant with respect to the maximum possible penalty he faced if he proceeded with the trial versus accepting an offered plea if there was one, and (3) failing to investigate potentially exculpatory witnesses. The court may either attach portions of the record conclusively refuting appellant’s claims or hold an eviden-tiary hearing.
Reversed and remanded with directions.
JOANOS and WOLF, JJ„ and SMITH, LARRY G., Senior Judge, concur.