715 So.2d 1143 (1998)
Steven W. VAN AERNAM, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1556.
District Court of Appeal of Florida, Fifth District.
August 21, 1998.
Eric A. Latinsky, Daytona Beach, for Appellant.
No Appearance for Appellee.
PER CURIAM.
Steven W. Van Aernam (defendant) appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm.
In his motion, defendant raised three claims of ineffective assistance of counsel. Specifically, he argued that defense counsel opened the door to evidence of prior wrongs which would have been otherwise inadmissible, failed to correctly advise him of critical factors pertaining to a seven-year plea offer, and failed to object to the admission of evidence pertaining to prior cocaine sales or to request a special jury instruction. To support these claims, defendant attached to his motion documents setting forth unsworn factual statements.
Defendant's unsworn allegations could not be considered by the trial court because rule 3.850 "requires that a motion filed pursuant to it be under oath." Lambert v. State, 631 So.2d 361, 362 (Fla. 1st DCA 1994). Accordingly, we affirm the order denying defendant's claim for postconviction relief. However, we do so without prejudice to refile a motion containing sworn factual allegations *1144 as to issues two and three. See Saba v. State, 677 So.2d 41 (Fla. 5th DCA 1996). We note that as to the first issue, the trial court properly indicated that claim of error had already been addressed on direct appeal, and that it was improper to reargue such an issue under the guise of ineffective assistance of counsel. See Parker v. State, 611 So.2d 1224 (Fla.1992).
AFFIRMED WITHOUT PREJUDICE.
HARRIS and ANTOON, JJ., concur.
DAUKSCH, J., concurs in conclusion only.