W. SHARP, Judge.
Linton appeals from a summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He alleges his trial counsel was ineffective because he failed to advise him that his sentence exceeded the thirty year maximum statutory term for his offense of attempted sexual battery on a person less than 12 years of age, a first degree felony. §§ 794.011(2), 777.04(4)(b) & 775.082(3)(b), Fla. Stat. (1995). Because the motion was not properly signed or verified, we would affirm. See Lambert v. State, 631 So.2d 361 (Fla. 1st DCA 1994).
However, in his motion Linton also alleges he received an illegal sentence. Such a claim need not be made under oath and it may be raised at any time. Fla. R.Crim. P. 3.800(a). Linton received a probationary split sentence of 45 years — 25 in prison, followed by 20 years on sexual offender probation. The offense took place in 1996. Thus the newer version of the sentencing guidelines, which took effect in 1994, is applicable. Under this version, it is possible for a split sentence to exceed the statutory maximum, if the combined prison term and probationary period do not exceed the guidelines recommended sentence. See Fla. R.Crim. P. 3.703(d)(31). See also Ortiz v. State, 696 So.2d 916 (Fla. 5th DCA 1997).
Based on this record, we cannot tell whether or not the 45-year sentence exceeded the guidelines recommended sentence in this case because the trial court failed to attach a copy of the scoresheet. Thus Linton’s allegations have not been refuted as required by the rule. We remand this cause to the trial court to either refute Linton’s claims by attaching portions of the record or to conduct a hearing on his claim.
REVERSED and REMANDED for further proceedings.
PETERSON, J., concurs.
GRIFFIN, C.J., dissents without opinion.