BARFIELD, Judge.
Robert Dale Keller appeals the trial court’s order summarily denying his motion for post-conviction relief filed under Rule 3.850, Florida Rules of Criminal Procedure. We reverse.
The trial court properly rejected Keller’s first ground for relief, that the prosecutor failed to disclose evidence favorable to the defense, because this allegation was insufficient on its face. However, Keller’s second ground, ineffective assistance of counsel based on defense counsel’s failure to investigate sources of evidence helpful to the defense, was facially sufficient.
The trial court’s order denying Keller’s motion without an evidentiary hearing was expressly based on Keller’s motion and memo, the state’s response, and “the record,” but the court did not attach portions of the record supporting its denial of the motion. In its answer brief, filed pursuant to this court’s order, the state concedes that the trial court’s denial of appellant's motion was. not predicated on the legal insufficiency of the allegations and that the trial court did not conform to the requirements of Rule 3.850.
The trial court tacitly recognized the facial sufficiency of appellant’s motion. Therefore, it was incumbent upon the court to conduct an evidentiary hearing, or to attach those portions of the record conclusively demonstrating that appellant was entitled to no relief. Harden v. State, 528 So.2d 544 (Pla. 1st DCA 1988); Russell v. State, 521 So.2d 379 (Fla. 1st DCA 1988); Knight v. State, 517 So.2d 87 (Pla. 1st DCA 1987); Hall v. State, 511 So.2d 676 (Fla. 1st DCA 1987); Havis v. State, 506 So.2d 3 (Fla. 1st DCA 1987).
This case is REVERSED and REMANDED to the trial court for further proceedings.
WIGGINTON, J., concurs.
BOOTH, J., dissents, with opinion.