PER CURIAM.
Rosemond challenges the summary denial of his motion for postconviction relief. We conclude that the trial court’s summary denial of the four ineffective assistance of counsel claims on the basis of their involving tactical decisions was erroneous. The order is deficient because it recites no basis upon which the trial court determined that the actions of trial counsel were tactical and because it does not have attached those portions of the record that support such a finding. Fla.R.Crim.Pro. 3.850(d); Williams v. State, 601 So.2d 596, 598-99 (Fla. 1st DCA 1992); see Boutwell v. State, 563 So.2d 798, 799 (Fla. 1st DCA 1990). Moreover, the determination of whether defense counsel’s actions were tactical is a conclusion best made by the trial judge following an eviden-tiary hearing. Davis v. State, 608 So.2d 540 (Fla. 2d DCA 1992); Harley v. State, 594 So.2d 352 (Fla. 2d DCA 1992). Accordingly, we reverse the summary denial of the ineffective assistance of counsel claims and remand with directions that the trial court either hold an evidentiary hearing or again deny the motion and attach portions of the record conclusively showing that Rosemond would be entitled to no relief on those claims. Davis, 608 So.2d at 540. We affirm the trial court’s summary denial of Rosemond’s remaining claim because it could or should have been raised on direct appeal. See Chandler v. Dugger, 634 So.2d 1066 (Fla.1994).
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN and WEBSTER, JJ., concur.
BOOTH, J., concurs and dissents with written opinion.