646 So.2d 811 (1994)
Herman L. WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-4152.
District Court of Appeal of Florida, First District.
December 8, 1994.
*812 Herman L. Wright, pro se.
No appearance for appellee.
SHIVERS, Senior Judge.
Herman L. Wright appeals denial of his motion for post-conviction relief filed under Rule 3.850, Florida Rule of Criminal Procedure, alleging ineffective assistance of counsel and that his constitutional right to be present and to confront witnesses at depositions was violated.
We affirm in part, reverse in part and remand.
Appellant Wright essentially argues three grounds in his 3.850 motion.
First, he asserts that he was denied effective assistance of counsel because his attorney failed to depose or to interview two of the three alleged witnesses, that the detective's arrest warrant was based on the detective's statement that those three persons had positively identified appellant, that defendant's (appellant's) attorney failed to subpoena for trial any of the three alleged witnesses and failed to use the deposition of Tonya Hill (one of the three) to impeach the testimony of the detective.
Second, appellant argues that he was denied effective assistance of counsel because his attorney failed to timely move to suppress a palm print, but rather attempted to do so at trial, which the trial court found was too late.
Third, appellant contends that his right to confrontation and cross-examination of witnesses was violated because Wright asked to be present at depositions but was not notified or brought to depositions.
With regard to appellant's claims of ineffective assistance of counsel, because the trial court summarily denied appellant's motion without an evidentiary hearing and without attaching a portion of the record that conclusively shows appellant is entitled to no relief, our review is limited to determining whether the motion conclusively shows on its face that appellant is entitled to no relief. Sorgman v. State, 549 So.2d 686, 687 (Fla. 1st DCA 1989). If the allegations in the motion are facially sufficient, the case should be remanded with instructions to reconsider the motion and either attach portions of the record that conclusively show that appellant is entitled to no relief or, alternatively, to grant an evidentiary hearing. Id.; Keller v. State, 551 So.2d 1269, 1270 (Fla. 1st DCA 1989).
*813 In both Sorgman and Keller, the defendants related specific facts in their motions and alleged that defense counsel failed to investigate sources of evidence or particular witnesses that would have cast doubt on the guilt of the defendant or that would have been helpful to the defense. In each case, this court concluded that the motions were facially sufficient and that the case should be remanded to the trial court for further proceedings. Cf. Wooden v. State, 589 So.2d 372 (Fla. 1st DCA 1991) (motion containing general and conclusory allegations that defense counsel coerced plea and failed to conduct pre-trial investigation, without recitation of sufficient factual detail, is facially insufficient and properly denied); Williams v. State, 553 So.2d 309 (Fla. 1st DCA 1989) where allegations of ineffective assistance of counsel are too general and made without reference to the underlying facts of the case, the motion is facially insufficient and properly denied).
Here, appellant's motion recites with detail the specific facts and the specific witnesses that he claims his defense counsel failed to investigate thoroughly. He states that the depositions that were not taken and the trial testimony that was not procured would have disputed the detective's testimony regarding the positive identification of the appellant as to the robber. He further asserts specific facts regarding his defense counsel's failure to attempt to suppress certain palm prints even though the evidence suggested that the procedures used with regard to the prints were improper or illegal. Based on the specificity of the facts alleged and the alleged impact of the defense counsel's errors, appellant's motion is facially sufficient. Although the trial court determined that defense counsel's conduct was a strategic or tactical matter and denied appellant's motion, "[t]he determination of whether defense counsel's actions were tactical is a conclusion best made by the trial judge following an evidentiary hearing." Davis v. State, 608 So.2d 540 (Fla. 2d DCA 1992).
As to appellant's third contention, that his constitutional rights were violated because he was not present at depositions, appellant has not stated a sufficiently valid claim. See Florida Rule of Criminal Procedure 3.220(h)(6).
With regard to the allegations of ineffective assistance of counsel, we reverse the trial court's order of denial and remand to the trial court to either conduct an evidentiary hearing or to deny the motion and attach portions of the record that conclusively show appellant is entitled to no relief.
AFFIRMED in part, REVERSED in part and REMANDED.
WOLF and DAVIS, JJ., concur.