789 So.2d 1218 (2001)
Jerravonnie JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-1786.
District Court of Appeal of Florida, First District.
July 24, 2001.
*1219 Nancy A. Daniels, Public Defender and Leonard Holton, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Jerravonnie Jackson appeals the denial of his motion for post-conviction relief. The trial court conducted an evidentiary hearing on one of appellant's claims that counsel was ineffective for failing to communicate a plea offer, but summarily denied the remaining claims. Finding that one of those remaining claims was a colorable one, we reverse and remand for an evidentiary hearing or attachment of the record conclusively refuting appellant's claim that counsel was ineffective for failure to call witnesses in his defense.
Appellant's motion alleges that he was convicted of possession of a firearm by a convicted felon based upon the testimony of state witnesses that they saw appellant at the Safari Club between 2:00 p.m. and 3:00 p.m. on November 25, 1995, and the butt of a firearm was hanging out of his pocket. He alleges that his trial counsel was ineffective because, although he had advised trial counsel of the names of eyewitnesses who could rebut the state's witnesses, counsel failed to call those witnesses. Specifically, he alleges that these witnesses could testify that they observed appellant at the Safari Club between 1:00 p.m. and 4:00 p.m. and they did not see him in possession of a gun. He also alleges that another witness would testify that appellant received the gun immediately before he entered another club, Justin's, in the early morning hours of Sunday, November 26, 1995, where he later shot and killed an armed man who was pursuing him.[1] Appellant alleges that he was prejudiced by trial counsel's failure to call these witnesses, because the testimony of the state's witnesses was left uncontradicted and uncontested. The motion alleges that, had trial counsel investigated and called the three eyewitnesses, the missing testimony would have affected the jury's appraisal of the truthfulness of the state's witnesses and would have provided the basis for a reasonable doubt as to the charge.
Appellant's allegations satisfy Florida Rule of Criminal Procedure 3.850(c) and the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Gaskin v. State, 737 So.2d 509 (Fla.1999). Where no evidentiary hearing is held by the trial court, an appellate court must accept the defendant's factual allegations to the extent they are not refuted by the record. Peede v. State, 748 So.2d 253, 257 (Fla.1999). We reject the state's argument that the trial court correctly summarily denied this ground of the motion *1220 because the decision not to call these witnesses was a tactical decision. The conclusion that counsel had legitimate tactical reasons for not calling witnesses is rarely an appropriate basis for summary denial of post-conviction relief. Comfort v. State, 597 So.2d 944, 945 (Fla. 2d DCA 1992). As this court has explained, "the determination of whether defense counsel's actions were tactical is a conclusion best made by the trial judge following an evidentiary hearing." Rosemond v. State, 634 So.2d 259, 260 (Fla. 1st DCA 1994). The order before us recites no support for a determination that the actions of trial counsel were tactical nor does it attach portions of the record that would support such a finding. Id.
Accordingly, we reverse the summary denial of appellant's claim of ineffective assistance of counsel for failure to call witnesses in his behalf and remand with directions that the trial court either hold an evidentiary hearing or, if she again denies the motion, attach portions of the record conclusively demonstrating that appellant would not be entitled to relief on this claim. In all other respects, we affirm the trial court's order denying appellant's motion for post-conviction relief.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WEBSTER, DAVIS and VAN NORTWICK, JJ., concur.
NOTES
[1] The record reflects that the state initially sought to charge appellant with second degree murder for the shooting death at Justin's, but the grand jury returned a no true bill. It was appellant's position that he shot the deceased in self defense. Further, according to appellant's motion for post-conviction relief, the conviction of possession of a firearm by a convicted felon was based solely upon his alleged possession at the Safari Club. He alleges that at trial the state conceded that a "legal necessity" had existed for his possession of a firearm inside Justin's in that he was required "to protect his life."