823 So.2d 206 (2002)
Bart A. GREENWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0531.
District Court of Appeal of Florida, First District.
July 26, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Bart A. Greenway appeals an order summarily denying without hearing his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse the order insofar as it summarily denies two of Mr. Greenway's claims of ineffective assistance of counsel and remand for further proceedings consistent with this opinion. We otherwise affirm.
Mr. Greenway was convicted of resisting an officer with violence and causing bodily injury during the commission of a felony. The underlying felony for the charge of felony causing bodily injury was the charge of resisting with violence. See § 782.051(2), Fla. Stat. (1997). Mr. Greenway was charged in relation to an altercation *207 he and his wife had with the police during a stop of his vehicle. A defense asserted at trial was that Mr. Greenway was acting in self-defense because he was resisting unlawful or excessive force employed by the police on him and his wife. See State v. Holley, 480 So.2d 94, 96 (Fla. 1985) ("[W]hile a defendant cannot use force to resist an arrest, he may resist the use of excessive force in making the arrest."); Langston v. State, 789 So.2d 1024, 1029 (Fla. 1st DCA 2001).
In his motion for postconviction relief, Mr. Greenway claimed that defense counsel failed to investigate and prepare this defense adequately. He asserted that the defense should have presented additional evidence and called more witnesses in support of this defense. As the trial court properly concluded, most of his specific claims were facially insufficient. But we conclude he sufficiently alleged deficient performance and prejudice in failing to call Edwin Gustafson as a witness and failing to offer certain photographs and medical records.
The motion asserted that defense counsel was ineffective for not calling Mr. Gustafson, allegedly an eyewitness to the incident. The motion specified the substance of Mr. Gustafson's testimony, how it was relevant, and the prejudice allegedly caused by defense counsel's failure to adduce this evidence. See Ash v. State, 767 So.2d 1260, 1261 (Fla. 1st DCA 2000); Greeson v. State, 729 So.2d 397, 397 (Fla. 1st DCA 1998); see generally Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993). The motion further alleged that defense counsel was aware of the existence of this witness and that Mr. Gustafson was available to testify at trial. See Highsmith, 617 So.2d at 826; Williamson v. State, 559 So.2d 723, 724 (Fla. 1st DCA 1990). Therefore, the motion was facially sufficient on this point.
Similarly, the motion asserted that defense counsel was ineffective for not putting in evidence photographs of Mr. Greenway and his wife as well as their medical records reflecting treatment following this incident. He asserted that this evidence was relevant to show that the police used excessive force which he lawfully resisted. He alleged that this evidence would show how much force had been used against his wife and himself, and that defense counsel's failure to adduce the evidence prejudiced him at trial. See Wright v. State, 646 So.2d 811, 813 (Fla. 1st DCA 1994); Keller v. State, 551 So.2d 1269, 1270 (Fla. 1st DCA 1989).
Mr. Greenway adequately alleged that defense counsel failed to prepare and present adequately a potentially viable defense to the jury in these particulars. Although defense counsel's decisions regarding which evidence to present in support of the claim of lawful resistance may well have been tactical, such a finding should normally be made only after an evidentiary hearing. See Jackson v. State, 789 So.2d 1218, 1220 (Fla. 1st DCA 2001); Hester v. State, 732 So.2d 331, 332 (Fla. 1st DCA 1998); Rosemond v. State, 634 So.2d 259, 260 (Fla. 1st DCA 1994). We therefore reverse the order insofar as it denied the two specific claims discussed above and remand for the trial court either to attach portions of the record conclusively refuting these claims or to hold an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
BOOTH, BENTON, and VAN NORTWICK, JJ., concur.