888 So.2d 122 (2004)
Bernard JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-818.
District Court of Appeal of Florida, Fourth District.
November 24, 2004.
*123 Bernard Johnson, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Bernard Johnson appeals the trial court's summary denial of his rule 3.850 motion for postconviction relief. He contends that the trial court erred in finding that his postconviction motion was procedurally barred because it concerned issues that could or should have been raised on direct appeal. We agree and remand this cause for the trial court to hold an evidentiary hearing on Johnson's ineffective assistance of counsel claim or attach record excerpts conclusively showing that he is entitled to no relief.
Johnson entered a no contest plea to possession of cocaine, possession of cannabis, and possession of drug paraphernalia. He reserved the right to appeal the denial of his motion to suppress. On appeal, Johnson's public defender filed an Anders brief and withdrew. Johnson did not file a brief on his own behalf. In Johnson v. State, 857 So.2d 891 (Fla. 4th DCA 2003), we affirmed Johnson's conviction and sentence.
In his pro se motion for postconviction relief, Johnson asserted that his trial counsel was ineffective for failing to argue at the suppression hearing that the traffic stop for a cracked tail light was unlawful and that he was thus unlawfully detained and searched. The trial court denied Johnson's claims as procedurally barred, ruling that they should have or could have been raised on direct appeal. In support of its ruling, the court cited Freeman v. State, 761 So.2d 1055, 1067 (Fla.2000)(holding that claims that should have or could have been raised on direct appeal cannot be relitigated under the guise of ineffective assistance of counsel).
Johnson argues, however, that these claims could not have been raised on direct appeal because his trial attorney did not raise and preserve them for appellate review. According to Johnson's sworn motion, the only issue raised by his attorney at the suppression hearing was the lawfulness of the police order directing Johnson to exit the vehicle.
Johnson is entitled to an evidentiary hearing on his ineffective assistance of counsel claim if he specifies facts, not conclusively rebutted by the record, demonstrating that counsel rendered ineffective assistance and that he was prejudiced as a *124 result. See Jackson v. State, 711 So.2d 1371 (Fla. 4th DCA 1998)(citing Rose v. State, 617 So.2d 291 (Fla.1993), cert denied, 510 U.S. 903, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993)). Because the trial court summarily denied Johnson's motion without an evidentiary hearing and without attaching a portion of the record that conclusively shows he is entitled to no relief, our review is limited to determining the facial sufficiency of the motion. See Wright v. State, 646 So.2d 811, 812 (Fla. 1st DCA 1994). Stated another way, we must accept Johnson's factual allegations to the extent they are not refuted by the record. See Kimbrough v. State, 886 So.2d 965, 2004 WL 1403235 (Fla. June 24, 2004) (quoting Peede v. State, 748 So.2d 253, 257 (Fla.1999)).
In his postconviction motion, Johnson alleges that he was a passenger in a vehicle that was stopped for a cracked brake light. He was ordered out of the vehicle, patted down, and arrested for drugs and paraphernalia found on his person. Before pleading no contest to possession of the drugs and paraphernalia, Johnson filed a motion to suppress the contraband. According to Johnson, his trial attorney failed to challenge the validity of the traffic stop at the suppression hearing despite the officer's testimony indicating that the stop was unlawful.
Johnson recounts the officer's testimony that he stopped the vehicle because "the right passenger side brake light was cracked and I could see the white light coming through it." Johnson asserts that the officer's acknowledgment that he could see the white light emitting from the crack in the brake lamp assembly showed that the brake light was operating properly; only the reflector lens was cracked. He contends that his attorney should have challenged the officer's misidentification of the cracked lens as a cracked light and the court's incorrect application of section 316.610, Florida Statutes, to the facts of his case.
In Doctor v. State, 596 So.2d 442, 446-47 (Fla.1992), the Florida Supreme Court held that a traffic stop for a cracked lens cover over a rear light, where the light itself was still operative, was illegal. The police officers in Doctor had stopped the defendant because of a crack in the innermost lens of the left taillight assembly. The officers asserted that this condition constituted an equipment violation under section 316.610, Florida Statutes (1987). The court disagreed, rejecting the state's argument that the officers "reasonably suspected" that the taillight was a violation of the law. Id. The facts in Doctor are virtually identical to those here.[1]
Contrary to the trial court's order denying Johnson's postconviction motion on procedural grounds, the validity of the traffic stop was not an issue that could have been raised on direct appeal, because the motion to suppress did not raise this specific issue and preserve it for review. "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Tillman v. State, 471 So.2d 32, 35 (Fla.1985); Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); Castro v. State, 791 So.2d 1114, 1115 (Fla. 4th DCA 2000).
*125 Failure to properly preserve an issue for appellate review may constitute ineffective assistance of counsel. See Jackson, 711 So.2d at 1372 (holding that a rule 3.850 movant's claim that his counsel failed to object to the prosecutor's comments on his post-arrest silence stated a cognizable claim of ineffective assistance of counsel). See also Wright v. State, 646 So.2d 811, 813 (Fla. 1st DCA 1994)(holding that defendant's postconviction motion stated a facially sufficient claim of ineffective assistance of counsel regarding defense counsel's failure to attempt to suppress certain palm prints even though the evidence suggested that the procedures used with regard to the prints were improper or illegal).
In denying the motion to suppress, the trial court found that the stop was justified based on section 316.610. This section requires a vehicle to be "equipped with such lamps and other equipment in proper condition and adjustment as required in this chapter ..." Given the officer's testimony indicating that the vehicle's brake light was working, section 316.610 would not provide a basis for the stop. The officer could not have "reasonably suspected" that the vehicle was not safe or properly equipped. Doctor, 596 So.2d at 446-47.
We conclude that Johnson has stated a facially sufficient motion for postconviction relief on the ground that he was denied effective assistance of counsel by his trial counsel's failure to challenge the legality of the stop. If, as Johnson contends, the initial traffic stop was unlawful, then the detention and search that followed are also unlawful, rendering the contraband subject to suppression as the fruit of the poisonous tree. Because the record before us does not conclusively demonstrate that he is entitled to no relief, we reverse the order summarily denying the motion and remand this cause for an evidentiary hearing or the attachment of record excerpts conclusively showing that he is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
REVERSED and REMANDED.
HAZOURI and MAY, JJ., concur.
NOTES
[1] Recently, in a similar case, Frierson v. State, 851 So.2d 293 (Fla. 4th DCA 2003) rev. granted, 870 So.2d 823 (Fla. February 26, 2004), we followed Doctor and held that the officer's traffic stop of the defendant for driving with a cracked taillight was invalid. Frierson was decided about seven months after the suppression hearing in this case.