SAWAYA, J.
We reverse the trial court’s summary denial of Billy J. Martin’s third claim of ineffective assistance of counsel and remand for the trial court to either attach records conclusively refuting Martin’s claim or conduct an evidentiary hearing on the matter.[1] See Fla. R.App. P. 9.141(b)(2)(D). In the third claim, Martin asserted that his defense counsel was ineffective for failing to argue at the suppression hearing that Martin was detained longer than was necessary for Deputy Joyner to issue a traffic citation, rendering the exterior search of Martin’s vehicle by Deputy Joyner’s drug-sniffing dog improper. Martin contended that had this issue been raised by defense counsel, the outcome of the trial may have been different.[2]
The limited record before this court reveals that Deputy Joyner, a canine deputy, made a valid traffic stop of the vehicle driven by Martin and occupied by two other persons. Deputy Joyner approached Martin and asked whether he had any illegal narcotics, paraphernalia, or firearms in his vehicle. After receiving a negative response from Martin, Deputy Joyner proceeded to conduct an exterior search of Martin’s vehicle with his canine. At some point after the initial stop, but prior to the exterior canine search, Deputy Joyner radioed dispatch for back-up, which he does “[sjometimes if there is more than one occupancy [sic] in the car I usually call for back-up or if I think, you know, something might happen, I always call for back-up.” Deputy Greatrex responded. While Deputy Joyner was in the process of conducting the exterior canine search, both he and Deputy Greatrex observed Martin place “a white rocky substance” into his mouth. Deputy Joyner unsuccessfully attempted to prevent Martin from swallowing it. Martin was arrested, and a later search of his vehicle revealed drugs and drug paraphernalia, as well as a .22 caliber rifle.
Martin moved to suppress this evidence prior to trial; however, his motion was not premised on the length of his detention after the stop, but rather on claims regarding the lack of probable cause to support the initial traffic stop. Following a hearing, the trial court denied the motion. Martin was later convicted of: (I) possession of a weapon by a convicted felon; (II) evidence tampering; (III) possession of cocaine; and (IV) possession.and/or use of drug paraphernalia.[3] Martin was sentenced to a composite term of 30 years’ incarceration as a habitual offender.[4]
*1018 In summarily denying the third claim of ineffective assistance of counsel, the trial court found in pertinent part:
The officer who conducted the traffic stop was also a canine deputy that lawfully searched the outside of the Defendant’s vehicle immediately after the stop. See Williams v. State, 869 So.2d 750, 751 (Fla. 5th DCA 2004) (“An individual who is stopped for the commission of a traffic infraction may be subjected to a canine search of the exterior of the vehicle so long as it is done within the time required to issue a citation.”).
The trial court apparently concluded that because the exterior canine search was conducted within the time it takes to issue the traffic citation, Deputy Joyner’s observations of Martin while conducting the search constituted plain view evidence sufficient to elevate the- routine traffic stop to an arrest.
The problem we have with the trial court’s rationale, however, is that other than the trial court’s legal conclusion, there is nothing in the record which would demonstrate that the exterior canine search was conducted within the time it would have otherwise taken to issue the citation. See Williams v. State, 869 So.2d 750 (Fla. 5th DCA 2004); Eldridge v. State, 817 So.2d 884 (Fla. 5th DCA 2002); Maxwell v. State, 785 So.2d 1277 (Fla. 5th DCA 2001). Furthermore, our concern is heightened by the fact that Deputy Joyner felt compelled to call for back-up. Martin alleges this was done to improperly extend the time of the stop beyond what was reasonably necessary to write the traffic ticket so a canine search could be conducted. The record neither supports nor refutes this claim. Accordingly, it will be necessary for the trial court to conduct an evidentiary hearing or attach records conclusively refuting the claim.
Because we are unable to conclude from the limited record before us that the search of Martin’s vehicle was conducted within the time necessary to issue a citation, we must reverse the trial court’s summary denial of claim three and remand the matter for proceedings consistent with this opinion.
REVERSED AND REMANDED.
GRIFFIN and TORPY, JJ., concur.

. We affirm the trial court’s summary denial of Martin’s first two claims of ineffective assistance of counsel without comment.

. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.”); Johnson v. State, 888 So.2d 122, 125 (Fla. 4th DCA 2004) ("Failure to properly preserve an issue for appellate review may constitute ineffective assistance of counsel.”).

. Martin was acquitted by the jury of a fifth count for resisting an officer with violence.

. We note that in Martin’s direct appeal, appellate counsel filed an Anders brief raising as an arguable issue before this court the same *1018 "illegal detention” claim we address now. Appellate counsel correctly suggested, however, that defense counsel's failure to preserve the issue for appeal prevented this court from reviewing the issue.