995 So.2d 994 (2008)
Douglas GRIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-6600.
District Court of Appeal of Florida, First District.
October 17, 2008.
Douglas Griggs, pro se, Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Douglas Griggs, Appellant, seeks review of the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised nine grounds for postconviction relief. We affirm *995 as to grounds one, three, five, six, seven, eight, and nine without further discussion. As to grounds two and four, we reverse and remand.
We review the summary denial of claims for postconviction relief to determine whether the claims are legally sufficient and whether they are conclusively refuted by the record. See Wright v. State, 646 So.2d 811, 812 (Fla. 1st DCA 1994). In order to raise a legally sufficient claim of ineffective assistance of counsel, a defendant must allege "specific facts that are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant." Jones v. State, 845 So.2d 55, 65 (Fla.2003). If a defendant files a facially insufficient motion for postconviction relief under rule 3.850, he should be permitted to amend it, unless it is clear that a good faith amendment will not cure the deficiency. Spera v. State, 971 So.2d 754, 759 (Fla.2007).
Appellant claimed in ground two that his counsel was ineffective for failing to move for a continuance after admitting during a Nelson[1] hearing that he was unprepared to try the case. In ground four, Appellant alleged that his counsel was ineffective for failing to argue that a key witness lied under oath and in failing to depose that witness prior to trial. The trial court denied these grounds due to pleading deficiencies and on the merits. We are unable to determine from the limited record whether the trial court's denial on the merits was proper. In accordance with Spera, 971 So.2d at 759, because grounds two and four are facially insufficient and not conclusively refuted by the record, we reverse and remand for the trial court to grant Appellant leave to amend grounds two and four within a reasonable period of time.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WOLF, LEWIS, and ROBERTS, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).