IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LAVELLE ANTONIO
COPELAND,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4388

Opinion filed September 5, 2017.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Lavelle Antonio Copeland, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Kathryn Lane, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant challenges the summary denial of his postconviction motion filed

pursuant to Florida Rule of Criminal Procedure 3.850.

     We find claims 2, 4, 7, and 8 were facially insufficient because where a

defendant such as appellant entered a guilty plea, "in order to satisfy the

'prejudice' requirement [of Strickland], the defendant must show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Dickey, 928 So. 2d 1193, 1197 (Fla. 2006). Ground 2 was also facially insufficient because it alleged trial counsel was ineffective for failing to file a "motion to suppress" in order to argue a lack of sufficient evidence. The postconviction court correctly found the claim was facially insufficient because a motion to suppress would not have been the correct vehicle to challenge the sufficiency of the evidence. Ground 8 was also facially insufficient because appellant failed to sufficiently allege facts demonstrating prejudice. See Nelson v. State, 977 So. 2d 710, 712 (Fla. 1st DCA 2008).

However, because these deficiencies could be cured by a good faith amendment, appellant was entitled to amend this claim pursuant to Spera v. State, 971 So. 2d 754, 759 (Fla. 2007). Thus, we reverse the denial of ground 2, 4, 7, and 8, and we remand for the trial court to grant appellant leave to amend those grounds within a reasonable period of time. See Griggs v. State, 995 So. 2d 994, 995 (Fla. 1st DCA 2008).

We affirm the denial of grounds 1, 3, 5, 6, 9, 10, and 11 because these grounds were facially insufficient and cannot be amended pursuant to Spera.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

WOLF, RAY, and BILBREY, JJ., CONCUR.

2